[No. 7,306. In Bank.—August 18, 1884.]

JAMES S. McCUE, Appellant, v. JAMES TUNSTEAD, Sheriff, etc., Respondent.

Execution—Exemption.—The plaintiff resided with his family on a farm from which he mainly derived his support by cultivating it, but also carried on other business not connected with the farm. He was the owner of a stallion used as a work horse on the farm, in addition to his service as a stallion, and owned other horses which were pledged for a debt and in the possession of the pledgee. *Held*, that plaintiff was engaged in farming, and that the stallion was exempt from execution under section 690 of the Code of Civil Procedure.

Appeal from an order of the late District Court of the twenty-second judicial district refusing a new trial.

The defendant, a sheriff, seized the property in controversy, a stallion, under an execution against the plaintiff in favor of *Nixdorf & Schroeder.* Plaintiff claimed the property as exempt, and brought this action for its possession. The remaining facts are stated in the opinion of the court.

*James S. McCue*, in *pro. per.*, for Appellant, cited *Springer* v. *Lewis*, 22 Pa. St. 191; *Webster* v. *Orne*, 45 Vt. 42; *Allman* v. *Gann*, 29 Ala. 240; *Elder* v. *Williams*, 16 Nev. 420; *Brusie* v. *Griffith*, 34 Cal. 305; *Robert* v. *Adams*, 38 Cal. 383.

*T. J. Crowley*, and *Jos. Kirk*, for Respondent, cited *Brusie* v. *Griffith*, 34 Cal. 305; *Roberts* v. *Adams*, 38 Cal. 383; *Bevitt* v. *Crandall*, 19 Wis. 581; *Trustees of Rochester* v. *Pettinger*, 17 Wend. 265; 7 Heisk. 510; *Borland* v. *O'Neal*, 22 Cal. 508.

Sharpstein, J.—The court found in substance that the plaintiff was the owner and in the possession of a farm of about one hundred and fifty acres of land, which he cultivates for raising grain, etc., and that the horse, which this action was brought to recover, was used as a work horse on said farm—sometimes singly and sometimes doubly. It is also found that the plaintiff is the publisher of a weekly newspaper and the proprietor of patent medicines, although his main reliance for support is upon his farm, "and almost the entire income from that is from the services of said horse as a stallion and the agistment of mares for breeding to him."

The plaintiff is the owner of other horses pledged for a debt owing by him, and in the possession of the pledgee.

In addition to "the farming utensils or implements of husbandry of the judgment debtor," the law exempts from execution *two horses.* (Code Civ. Proc. § 690, subd. 3.) The findings establish beyond doubt that the plaintiff employed this horse in husbandry. He was a farm horse in the same sense that the plows, harrows, and wagons used on the farm were utensils or implements of husbandry. And husbandry is the business of a farmer comprehending the various branches of agriculture. The plaintiff resided on a farm with his family, cultivated it, and mainly derived his support from it. Did not that constitute him a farmer? The horse taken from him was one of two used in the tillage and cultivation of said farm. We think the gender of the animal quite immaterial. His mate may have been of the opposite gender and chiefly valuable as a brood-mare. If so, it might be urged that she was not exempt, with quite as much force as it is now urged that the stallion is not.

On the questions of the value and gender of the horses used in husbandry, the Code is silent. It is restrictive as to the number and use only. If the plaintiff is engaged in husbandry he is entitled to the exemption of two horses, if the same be used by him in such husbandry, the value and gender of which are immaterial.

The findings of the court in our opinion establish two propositions, (1) that plaintiff is a farmer, and (2) that the horse which he claims as exempt, was one of two which he used on his farm in the cultivation and tillage thereof.

Judgment reversed, with directions to the court below to enter judgment in favor of the plaintiff on the findings.

McKinstry, J., Myrick, J., and Thornton, J., concurred.

Ross J., dissented.