[No. 14319.   Department One. — September 19, 1891.]

JOHN STANTON, RESPONDENT, *v.* H. W. FRENCH, APPELLANT.

APPEAL — DECISION — LAW OF THE CASE. — The decision of the supreme court upon a former appeal is the law of the case as to matters therein decided, where there is no material difference in the evidence as to such matters upon the two appeals.

EXECUTION — EXEMPTION — BREAD-BOX. — A bread-box used by a debtor in the business of peddling bread, not being named in the statute as one of the articles exempt from execution, is not exempt therefrom.

ID. — CONSTRUCTION OF STATUTE. — A debtor's rights to exemption of property from execution are limited by the express provisions of the statute.

ID. — HORSES AND WAGON OF PEDDLER — CUSTOMARY USE. — A debtor who customarily and principally uses two horses, a wagon and harness, in his business as a peddler of bread, is entitled to claim them as exempt from execution under subdivision 6 of section 690 of the Code of Civil Procedure, exempting such property from execution, if the debtor habitually earns his living by its use, although he does not exclusively use them in that business, but occasionally does odd jobs with his team for hire.

ID. — QUESTIONS OF FACT. — The question whether the debtor "habitually" earned his living by peddling, and also the question of ownership of the property claimed as exempt, are for the jury.

TROVER — DAMAGES — ATTORNEYS' FEES — VALUE OF PROPERTY — INSTRUCTIONS — SUPPORT OF VERDICT — PRESUMPTION UPON APPEAL. — In an action for the conversion of personal property, where the plaintiff claimed the value of the property, with interest, and also attorneys' fees, and the court instructed the jury that before the plaintiff could recover any sum as attorneys' fees he must show by a preponderance of evidence that

such amount was a reasonable fee for the services rendered, and the plaintiff introduced no evidence whatever as to the reasonableness of the fee claimed, and the evidence as to the value of the property, considered in connection with the interest due, would support a verdict for an amount considerably greater than the sum returned by the verdict, it will be presumed upon appeal that the jury followed the instruction of the court, and rejected all claims in that respect.

APPEAL from a judgment of the Superior Court of Merced County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*T. C. Law, J. K. Law,* and *Tupper & Tupper,* for Appellant.

A baker's delivery wagon, harness, horses, and bread-box, used for delivering the products of his bakery to his customers, are not among the articles enumerated in subdivision 6 of section 690 of the Code of Civil Procedure. As exemption from execution is a creature of the statute, on¹- ..ose articles named in the statute are exempt. The court cannot enlarge the list of exempt articles. (Code Civ. Proc., sec. 690, subd. 6; *Calhoun* v. *Knight,* 10 Cal. 394; *Brusie* v. *Griffith,* 34 Cal. 302; 91 Am. Dec. 695; *Dove* v. *Nunan,* 62 Cal. 399; *Murphy* v. *Harris,* 77 Cal. 194.) Plaintiff cannot recover attorneys' fees in a suit of this character, nor can he recover attorneys' fees under an allegation for money expended in pursuit of the property, when the evidence shows that no attorneys' fees had been paid and no evidence as to the value of attorneys' fees was offered. (*Willson* v. *McEvoy,* 25 Cal. 169; *Fairbanks* v. *Williams,* 58 Cal. 241; *Prader* v. *Grimm,* 28 Cal. 12; *Lott* v. *Mitchell,* 32 Cal. 24; *Roussin* v. *Stewart,* 33 Cal. 212.)

*Frank H. Farrar,* and *Breckinridge & Peck,* for Respondent.

The question of ownership of the property was presented to the jury under proper instructions from the court, and even though there be a conflict of evidence, the verdict will not be disturbed. (*Peters* v. *Foss,* 16 Cal. 357; *Quinn* v. *Kenyon,* 22 Cal. 82; *Hall* v. *Bark Emily,* 33

Cal. 522; *Phelps* v. *Union C. M. Co.*, 39 Cal. 410; *Pierce* v. *Schaden*, 55 Cal. 406; *Bronner* v. *Wetzlar*, 55 Cal. 419; *Gerold* v. *J. M. Brunswick Company*, 67 Cal. 124; *Pico* v. *Cohn*, 67 Cal. 258; *Breckenridge* v. *Crocker*, 68 Cal. 403.) The evidence shows conclusively that the plaintiff habitually earned his living with this property in peddling bread, and clearly brings him within the provisions of subdivision 6 of section 690 of the Code of Civil Procedure. (Thompson on Homestead and Exemption, sec. 760.) The action being one for tort, it was not necessary that the plaintiff should have actually paid the attorney's fee. (*Rapp* v. *Spring Valley Gold Co.*, 74 Cal. 532; *Willson* v. *McEvoy*, 25 Cal. 169; *Prader* v. *Grimm*, 28 Cal. 12.) The exemption privilege accorded to a peddler extends to the particular property by the use of which he habitually earns a living. (Thompson on Homestead and Exemption, sec. 735.)

GAROUTTE, J. — This is an action in conversion, brought to recover the value of two horses, a wagon and harness, and a bread-box.

The property was taken and sold by defendant, as constable, under an execution against plaintiff and his wife; plaintiff demanded a return of the property as exempt from execution under subdivision 6 of section 690, Code of Civil Procedure, claiming that as a peddler of bread he habitually earned his living by the use of said property. This is an appeal by defendant from the judgment and order denying his motion for a new trial. It is the second appeal to this court, the former decision being found in 83 Cal. 194. Plaintiff bases his claims for exemption upon his *status* as a peddler of bread. In the list of property allowed peddlers by statute as exempt from execution, we find no article answering in name or use to a bread-box, and a debtor's claims are limited by the words of the statute. Upon an inspection of the record in the previous appeal, we find no material difference in the evidence there and that which is now before us, upon the matter of the ratification by

plaintiff of the sale by the officer, and the former decision upon that point establishes the law of the case.

It appears that plaintiff and his wife conducted a bakery, upon a limited scale, in the town of Merced; that they sold bread at the shop, and, also, the plaintiff daily peddled bread throughout the town, and at the railroad depot upon the arrival of trains, etc. In the interim the plaintiff did odd jobs with his team for hire, but his principal business was peddling bread, with the use of his horses and wagon. Can it be said that plaintiff habitually earned his living by peddling? Webster defines "habitually" as "customarily; by frequent practice or use." It does not appear to mean "exclusively" or "entirely," and the fact that plaintiff may have, to a limited extent, applied his team to other uses, or that some portion of his living, however slight that portion may have come from some other avenue of industry, would not deprive him of his rights as a peddler under the statute.

This question, as well as the question as to the ownership of the bay horse, were questions of fact, and were submitted to the jury under proper instructions; there is sufficient evidence upon both matters to support the verdict, and it will not be disturbed by this court.

It does not seem necessary to enter into a discussion as to the liability of defendant for plaintiff's attorneys' fees in this action.

Plaintiff claimed the value of the property converted to have been $350, and, in addition thereto, asked judgment for legal interest thereon from January 27, 1887, and damages in the sum of $150 for attorneys' fees incurred in the pursuit of the property. In his testimony he placed a value of thirty-five dollars upon the breadbox. The jury returned a verdict in favor of plaintiff for $375. The court instructed the jury that before the plaintiff could recover any amount as attorney's fee, he must show by a preponderance of evidence that such amount was a reasonable fee for the services rendered. There was no evidence whatever as to the reasonableness of the attorney's fee claimed, and it must be pre-

sumed that the jury followed the instruction of the court, and, by their verdict, rejected all claims in that respect. Especially should such be deemed the fact, when the evidence as to the value of the property converted, considered in connection with the interest due, would support a verdict for an amount considerably greater than the sum returned by the verdict of the jury.

The matters already passed. upon dispose of many of the exceptions to instructions refused by the court. The instructions given appear to be a full and complete presentation of the law upon all matters involved, and we see no ground upon which a successful exception thereto can be based.

Let the cause be remanded, with directions to the lower court to modify the judgment by striking therefrom the sum of thirty-five dollars, and in all other respects let the judgment and order be affirmed.

HARRISON, J., and PATERSON, J., concurred.