[Sac. No. 90.   Department Two.—November 9, 1897.]

In the Matter of the Estate of HENRY KLEMP, an Insolvent Debtor.

EXECUTION—EXEMPTION OF COMBINED HARVESTER.—Under section 690 of the Code of Civil Procedure a "combined harvester" is a farming utensil and an implement of husbandry, irrespective of its value, and if used chiefly for the farming purposes of a debtor, although occasionally used for others, is exempt from execution.

APPEAL from an order of the Superior Court of Sutter County refusing to set aside property to an insolvent debtor. E. A. Davis, Judge.

The facts are stated in the opinion of the court.

White, Hughes & Seymour, for Appellant.

K. S. Mahon, and Lawrence Schillig, for Respondent.

McFARLAND, J.—This is an appeal by an insolvent debtor from an order of the superior court denying his petition to have set apart to his use "one Holt Bros.' Combined Harvester." The court adjudicated that said harvester, and certain other personal property not involved here, "are not utensils or implements of husbandry"; and in so holding we think the court erred.

The court found that at the date of the adjudication in insolvency, and for a long time prior thereto, the appellant had been engaged in the business of farming and grain raising, and during all that time had used and employed said harvester in the conduct of his business. The only evidence introduced on the subject of the harvester was the testimony of the appellant himself. He testified that for about nine years he had been engaged in farming and wheat raising on a certain piece of land in Sutter county; that he had cultivated between ten and eleven hundred acres; that he had used certain personal property, including said harvester, in said business; and that "all thereof were and are necessary implements for the proper conducting and care of my said business." He further testified as follows: "I purchased said harvester in the reaping season of 1888, and paid for the same about fifteen hundred dollars, but at this time it is worth about three hundred dollars. I purchased said harvester to be

used in harvesting my own crops grown on the leased lands above mentioned, but I have on some occasions, after having harvested my own crops, used said harvester in harvesting the crop or crops of one or two of my neighbors, usually in return for assistance rendered by such neighbor or neighbors in harvesting my own crops. I never have been in the business of harvesting grain, nor have I used said harvester in the business of harvesting grain for others in any manner other than above explained. A combined harvester is a necessary tool for a farmer and grain raiser who is engaged in the business to any considerable extent." He further said that "comparatively few farmers in Sutter county own a combined harvester; some of them still use headers, and some hire combined harvesters to harvest their crops." This testimony was in no way controverted.

Section 690 of the Code of Civil Procedure provides that "the farming utensils or implements of husbandry of the judgment debtor" are exempt from execution. This provision has, on its face, no limitation as to the character of the implements of husbandry so exempt; it does not even provide that they must be "necessary," as is provided in statutes of exemption in many other states, and as is provided in our own code as to other property exempted. Of course, personal property owned by a farmer which is really not an implement of husbandry is not exempt under the section; but if it be such an implement, its exemption does not depend upon its value. There is no limitation as to value, although there is such a limitation as to certain other kinds of property which are exempt under other provisions.

It is clear from the evidence that the combined harvester in question is a farming utensil and an implement of husbandry, if, indeed, that fact is not a matter of common knowledge. It was used directly and prominently in the business of farming, and for no other purpose; and it is not contended that appellant had other implements by which he could cut, thresh, or winnow his wheat. Horse rakes, gang plows, headers, threshing machines, and combined harvesters are as clearly implements of husbandry as are hand rakes, single plows, sickles, cradles, flails, or an old-fashioned machine for winnowing. There is no ground for excluding an implement from the operation of the statute because it is an improvement, and supplants a former implement

used with less effectiveness for the same purpose. Present methods of farming, as well as conducting other kinds of business, require the use of improved machinery.

The fact that not many farmers in Sutter county own combined harvesters is of no importance; it appears that it was not unusual for them to hire such harvesters. The amount of land cultivated by appellant is certainly not unusual in this state. The whole subject is one of legislative policy; and until the legislature shall see fit to limit the implements of husbandry which shall be exempt—either by enumeration, or by a restriction based on value—a court has no warrant in any of the reasons given by respondent to eliminate from the statute anything which is clearly within its terms. No decisions of this court cited by respondent are adverse to the above views. In the case of *In re Baldwin,* 71 Cal. 74, it was held that a threshing machine with an expensive outfit was not exempt because it was used *chiefly* in doing work for others. The court there say: "It was not intended that all farming machinery which a farmer may own should be exempt because, while he uses it chiefly by renting it out, or in doing work on others' farms for hire, he still uses it to a small extent on his own land. To hold otherwise would enable the farmer who cultivates forty acres to invest a large amount of money in expensive implements, and to hold them free and clear of his creditors, though they were used but for a day on his own land, and for all the balance of the year were rented or hired to others." And in the later case of *In re McManus,* 87 Cal. 292, 22 Am. St. Rep. 250, this court say that in *In re Baldwin* it was held that the threshing machine was not exempt "upon the ground that the outfit was principally used in threshing grain raised by other persons for hire." (For a discussion of the general subject see *Montague v. Richardson,* 63 Am. Dec. 173, and notes—it being remembered that our code is broader than any to which our attention has been called, there being no such word used as "necessary," "proper," "adequate," etc.)

We think that the court below erred in refusing to set apart the combined harvester as exempt; and, therefore, the order appealed from is reversed.

Temple, J., and Henshaw, J., concurred.