[Sac. No. 290. Department One.—July 13, 1898.]

THOMAS SPENCE, Appellant, v. T. L. SMITH, Respondent.

EXEMPTION FROM EXECUTION—THRESHING OUTFIT.—A threshing outfit, which is necessary for the proper carrying on of the farming operations of the judgment debtor upon a large farm, is exempt from execution, irrespective of whether he would need it in cultivating a smaller tract.

ID.—USE FOR HIRE.—The threshing outfit does not cease to be exempt from execution merely because of its customary use by the judgment debtor for hire to thresh the crops of others, after having threshed

his own, provided the outfit is needed and used in conducting his own farming operations.

Id.—Legislative Policy.—Whether any property shall be exempt from execution, as well as the character and amount of property to be exempted, is purely a question of legislative policy.

Id.—Farming Utensils and Implements of Husbandry—Limitations not Imposed.—The farming utensils and implements of husbandry of the judgment debtor are declared by the statute to be exempt from execution; and no limitations having been imposed by the legislature, a court is not authorized to refuse the exemption because, in its opinion, they are not necessary for the judgment debtor, nor because they are not needed for cultivating a smaller tract, if needed and used by him for the proper cultivation of any larger tract, regardless of limit; nor because the implement is an improvement, whatever may be its character or value.

APPEAL from a judgment of the Superior Court of Sutter County. E. A. Davis, Judge.

The facts are stated in the opinion of the court.

H. V. Reardon, for Appellant.

Richard Belcher, for Respondent.

HARRISON, J.—The defendant, as sheriff of the county of Sutter, levied upon certain personal property under a writ of attachment, issued out of the superior court in an action therein against the plaintiff, and afterward sold the property under a writ of executon issued upon a judgment in said action. After the property had been seized by the defendant the plaintiff demanded the same from him, upon the ground that it was exempt from execution, and, upon the refusal of the defendant to surrender it, brought the present action. The case was tried by the court without a jury, and judgment rendered in favor of the defendant. From this judgment the present appeal has been taken, and is presented here upon the judgment-roll alone, without a bill of exceptions, and is urged upon the ground that the findings of fact do not support the judgment.

At the time the defendant seized the property described in the judgment he also took certain other property, consisting of farming utensils, which, upon the plaintiff's claim that they were exempt from seizure, he released and returned to him. The court finds that the property so released was sufficient in quan-

tity and kind to properly cultivate and farm more than two hundred acres of land. The court also finds that at the time the property was taken the plaintiff was engaged in farming about two thousand seven hundred acres of land, and that all of the property levied upon and seized by the defendant was necessary to enable him to properly carry on his said farming operations upon said two thousand seven hundred acres, and it also finds that, with the exception of the harnesses, collars, three headers, five header beds, the plows, stretchers, harrows, and blacksmith tools, all of the property involved herein were parts of a threshing outfit owned by the plaintiff, and is of the value of four hundred and sixty dollars, and that the other property is of the value of one hundred and ninety dollars.

Whether any property shall be exempt from execution, as well as the character and amount of property to be exempted is purely a question of legislative policy; and, when the legislature has determined that the farming utensils and implements of husbandry of a judgment debtor shall be exempt, a court is not authorized to refuse the exemption because, in its opinion, they are not necessary for the judgment debtor. The state has fixed no limit to the amount of land which a judgment debtor may cultivate by farming, and if the farming utensils which he has are necessary for the proper cultivation of his land, they are exempt from execution, irrespective of whether he would need them for cultivating a smaller tract. Section 690, subdivision 3, provides that: "The farming utensils or implements of husbandry of the judgment debtor" are exempt from execution. In *Estate of Klemp*, 119 Cal. 41, 63 Am. St. Rep. 69, it was held that this exemption included a combined harvester which was worth three hundred dollars. In that case it was said: "Horserakes, gang plows, headers, threshing machines, and combined harvesters are as clearly implements of husbandry as are handrakes, single plows, sickles, cradles, flails, or an old-fashioned machine for winnowing. There is no ground for excluding an implement from the operation of the statute because it is an improvement, and supplants a former implement used with less effectiveness for the same purpose"; and as the legislature had not placed any limitation upon the character of the implements of husbandry, or their value, courts have no right to exclude them from the operation of the statute.

The threshing outfit did not cease to be exempt from execution by reason of the fact that it was usually the custom for the plaintiff to use it for hire to thresh the crops of others after doing his own threshing. At the time the property was seized it was in use by the plaintiff, and the court finds that all of it was necessary for his use in farming his land. In *Baldwin's case,* 71 Cal. 74, it was held that the legislature meant by the foregoing exemption such utensils or implements as are needed and used by the farmer in conducting his own farming operations; and in *Stanton v. French,* 91 Cal. 277, 25 Am. St. Rep. 174, it was held that the debtor is not required to use the exempt property exclusively in his customary vocation. It would be a hard rule upon the debtor to hold that, although the property was necessary for properly carrying on his farming, he would forfeit the exemption should he seek to earn something with it after he had ceased to need it for his own farming. A better suggestion would be that, if, in the opinion of the creditor, he is cultivating more land than he needs, he could satisfy his debt by levying his execution upon the land itself.

The judgment is reversed and a new trial ordered.

Van Fleet, J., and Garoutte, J., concurred.