## In re HINDMAN.

### (Circuit Court of Appeals, Ninth Circuit. October 25, 1900.)

#### No. 651.

BANKRUPTCY—EXEMPTIONS—CALIFORNIA STATUTE.

Under Code Civ. Proc. Cal. § 690, subd. 6, which exempts from execution "two horses * * * and one cart or wagon, by the use of which a cartman, drayman, * * * teamster or other laborer habitually earns his living," a bankrupt whose occupation was that of a whitewasher, kalsominer, paper hanger, and repairer of plastering, and who owns a horse and wagon, which he uses exclusively for the purpose of conveying his supplies, tools, ladders, etc., from his residence to the

places where he has jobs of work, and without which he could not carry on his occupation at a profit, is entitled to claim such horse and wagon as exempt.

In Bankruptcy.

George W. Chamberlain, for petitioner.

Harold F. Hobson, for respondent.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. This is a petition to review the decision of the district judge for the Northern district of California affirming the report of the referee that a horse and wagon, the property of the petitioner, are not exempt from execution. From the evidence in the case it appears that the petitioner's trade was that of house and sign painter, but that he had not done any work as sign painter for three years, and but one job as house painter within two years; and it is claimed that upon this testimony the decision should be affirmed. It is enough to say upon this point that the petitioner's claim of exemption is not based upon this ground. It arises upon the testimony of the petitioner, reported by the referee as follows:

"I am the bankrupt. Petition in bankruptcy was filed by me on May 17, 1900. I am the owner of the horse and wagon set forth in my schedules. My occupation prior to and at the time of filing my petition was that of a laborer. Have been engaged in business for two years last past as whitewasher and kalsominer, paper hanger, and repairer of plastering. I carry my tools, ladders, supplies, and materials used in my business in the wagon from my residence to wherever I have work to do. * * * Have used the horse and wagon for no other purpose than to carry my tools, ladders, supplies, and materials. My family consists of my wife and four children. * * * Do not use the horse and wagon for hire. * * * I could make no profit out of my jobs if I was compelled to hire my tools and materials delivered. Have used this horse and wagon for this purpose for eleven years, and have not during that time hired a delivery wagon."

The referee in his report found as a fact:

"That said horse and wagon were used exclusively by said bankrupt for the purpose of conveying materials and supplies to be used in jobs of paper hanging and kalsomining, and in carrying his ladders, brushes, and tools from his residence to the places where he had jobs of work to do as such paper hanger and kalsominer, and that said horse and wagon were used for no other purpose."

Did the court err in deciding that, upon the evidence and findings reported by the referee, the horse and wagon were not exempt from execution? Section 6 of the bankruptcy act of 1898 provides that:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months, or the greater portion thereof, immediately preceding the filing of the petition."

The statute of California applicable to this case declares the following property to be exempt from execution:

"Two horses * * * and one cart or wagon, by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster, or other laborer, habitually earns his living." Code Civ. Proc. § 690, subd. 6.

Statutes exempting personal property are remedial in their character, and should be liberally construed by the courts, because they are intended to protect the debtor, and enable him to follow his vocation, and earn a support for himself and family. In re McManus' Estate, 87 Cal. 292, 25 Pac. 413, 10 L. R. A. 567; 1 Freem. Ex'ns (2d Ed.) p. 606, § 208, and authorities there cited. The term "other laborer," of course, means one who labors by and with the aid of his team. Brusie v. Griffith, 34 Cal. 302. But it is not necessary, in order to secure an exemption of the property, that the use of the team should be the petitioner's only means of earning a living for himself and family. It is enough for him to show that he uses the team as a laborer, in a line of business similar in its character to the specific occupations named in the statute, and that such use is necessary in order to enable him to earn his living. The petitioner, in our opinion, has clearly brought himself within the exemption clause of the statute of California, and is entitled to the protection which its humane and beneficent provisions afford. The testimony and findings of the referee show that he is one who labors in a toilsome occupation; that the use of the horse and wagon is necessary to enable him to carry on that occupation; that it is the occupation which supplies the means of living for himself and family. This being true, it follows, from reason and authority, that it must be said that he is a laborer who earns his living by the use of his team as well as "by the sweat of his brow," and is therefore entitled to the exemption he claims.

In Stanton v. French, 91 Cal. 274, 27 Pac. 657, where the claimant and his wife were engaged in conducting a bakery upon a limited scale, and sold bread at their place of business, and the plaintiff also peddled bread throughout the town, and at the railroad depot upon the arrival of the trains, and in the interim did odd jobs with his team for hire, the court said:

"The fact that plaintiff may have, to a limited extent, applied his team to other uses, or that some portion of his living, however slight that portion, may have come from some other avenue of industry, would not deprive him of his rights as a peddler under the statute."

In Tank-Line Co. v. Hunt, 83 Iowa, 6, 48 N. W. 1057, 32 Am. St. Rep. 285, 2 L. R. A. 476, the court, in construing a statute similar in its provisions to the statute of California, where the debtor was engaged in selling oils, and had a place of business known as "headquarters," from which he delivered his sales by the use of a horse and wagon, which he claimed was exempt from execution because, by the use thereof in his business, it was his means of earning a living in conducting his business, among other things pertinent to the case in hand said:

"It is strenuously urged that the defendant is not a teamster nor laborer, but a merchant, and as such is not entitled to the exemption. It is true the defendant is engaged in a small way in the sale of merchandise. He has a back room of a building, used more for storage than for any other purpose, which is a base of supplies for his delivery system or business, and the business is carried on mainly by the use of the team, and it is manifest that, without the use of the team, he has no business to supply a living; for he says that the profits of completed sales at the headquarters would not pay

his rent. Any person thus engaged in receiving and distributing oils must be said to be a laborer."

The decision of the district court is reversed, and the cause remanded, with instructions to the court to enter an order herein in conformity with the views expressed in this opinion.