(38 South. 457.)

No. 15,637.

### LAPORTE v. LIBBY et al.

(April 24, 1905.)

VENDOR'S PRIVILEGE—SALE OF STEAM THRESH-
ER—PRIORITIES.

A steam thresher, necessary for the harvesting of a rice crop, is within the meaning of the term "farming utensils," as used in article 3259 of the Civil Code; and, as a consequence, the vendor's privilege on the proceeds of the sale of such machinery is superior to the privilege of the lessor for rent.

(Syllabus by the Court.)

Case Certified from Court of Appeal, Parish of Orleans.

Action by Theodore Laporte against George H. Libby and others. Judgment for defendants, and question certified from the Court of Appeal. Question answered.

Greene & Greene, for plaintiff. Hampden Story and William Benjamin White, for defendants.

LAND, J. Pursuant to article 101 of the Constitution of 1898, the judges of the Court of Appeal have certified to this court a question of law arising in the above-entitled cause pending before them, and desire the instruction of this court thereon.

Plaintiff, as the lessor of defendant, seized for rent a certain steam thresher and appurtenances, which had been purchased partly on a credit by defendant from third opponents, who intervened, and, under article 3259 of the Civil Code, claimed to be paid by preference over the plaintiff out of the proceeds of the sale of said machinery.

Defendants were rice planters on a large scale, and purchased the thresher for the purpose of preparing their rice crop for the market, and it was used during the year 1903 on the farm leased from plaintiff. After threshing their own crop of rice, defendants used the machine for threshing for other persons living in the vicinity. The use of such or similar threshing machinery is absolutely essential in handling and preparing rice crops for market.

On this state of facts, the judges of the Court of Appeal propound the following questions, viz.:

(1) Whether such threshing machinery is a "farming utensil," in the sense of the term as used in article 3259 of the Civil Code?

(2) Whether the lessor's or vendor's privilege should prevail?

The two articles of the Civil Code which it is necessary to consider in the determination of the above questions read as follows, viz.:

"Art. 3259. With regard to the crops which are subject to the lessor's privilege, the expenses for seed and labor, the wages of over-seers and managers are to be paid out of the product of the year, in preference to the lessor's debt. So, also, he who supplied the farming utensils, and who has not been paid, is paid in preference to the lessor out of the price of their sale."

"Art. 3263. The privilege of the vendor on movables sold by him, which are still in the possession of the vendee, yields to that of the owner of the house or farm which they serve to furnish or supply, for his rents. It yields also to the charges for affixing seals and making inventories, but not to the funeral or other expenses of the debtor."

These articles are on the same subject-matter, and should be so interpreted as to make their provisions harmonize, if it can be done without doing violence to the terms of either of them. Childers v. Johnson, 6 La. Ann. 634; Gee v. Thompson, 11 La. Ann. 657. Effect can be given to both, by considering article 3259 as an exception to the general rule laid down in article 3263. The one is special and the other general.

"Lex generalis non derogat speciali." Osthoff v. Flotte, 48 La. Ann. 1094, 20 South. 282; State ex rel. Adams v. Rightor, 49 La. Ann. 1017, 22 South. 195.

The only debatable question in the case is whether a steam thresher falls within the category of farming utensils or implements. The statement of facts concedes that such machinery is absolutely essential to the harvesting of a crop of rice. In the evolution of agriculture, machinery has taken the place not only of former implements, but of much of the labor once necessary to manipulate the same.

The equity is the same whether a scythe or a mower, a flail or a thresher, be furnished for farming purposes. The theory of article 3259 of the Code is that persons who furnish certain essentials for agricultural operations, such as seed, labor, utensils, or implements, should be preferred to the lessor. The reason of the law is the same, whatever may be the form or motive power of the instruments employed. The word "utensils" more especially means an implement or vessel for domestic or farming use." See Stan-

dard Dictionary, verbo. As used in Civ. Code, art. 3259, "utensils" is a translation of "ustensiles," used in article 2102 of the Code Napoleon. This word, in France, has been held to include a "machine à battre," or threshing machine. Fuzier Herman, Code Civil, vol. 4, p. 873. In French jurisprudence the word is used as synonymous with "agricultural instruments," whatever may be their nature. Baudry Lacantinerie, Droit Civil, Des Privilèges, vol. 1, p. 445, No. 472. Laurent says that the word "ustensiles" has a very extended meaning.

It has been held in other states of the Union that "mowers" and "combined harvesters" used by debtors for necessary farmwork, are within the meaning of the term "farming utensils or implements," as used in exemption laws. Estate of Klemp (Cal.) 50 Pac. 1062, 39 L. R. A. 340, 63 Am. St. Rep. 69. In that case the Supreme Court of California said:

"Horse rakes, gang plows, headers, threshing machines, and combined harvesters are clearly implements of husbandry, as are hand rakes, single plows, sickles, cradles, flails, or an old-fashioned machine for winnowing. There is no ground for excluding an implement from the operation of the statute because it is an improvement, and supplants a former implement used with less effectiveness for the same purposes."

We are of the opinion that a steam thresher is clearly within the term "farming utensils," as used in Civ. Code, art. 3259, and consequently that the vendor's privilege on the proceeds of the sale of such machinery is superior to the privilege of the lessor, and we so instruct the judges of the Court of Appeal.