(45 South. 707.)

No. 16,873.

LAHN & CO. v. CARR.

In re COURREGE et al.

(Feb. 3, 1908.)

1. APPEAL—REHEARING—EXTENT.

One of several opponents (appellees) having applied for a rehearing on his opposition, and the issue presented by such opposition being susceptible of separate determination, it was correctly held by the Court of Appeal that the rehearing, granted by its predecessor, did not go beyond the prayer of the petition and reopen the whole case.

2. LANDLORD AND TENANT—LANDLORD'S LIEN—VENDOR'S PRIVILEGE—PRIORITIES—"FARMING UTENSIL."

A steam engine, used in connection with a pump for irrigating, with a thresher for threshing, and possibly with plows and harrows for cultivating, a crop of rice, and not shown to have been used for any other purpose than the cultivation and harvesting of such crop, is a farming utensil, upon which the privilege of the vendor primes that of the lessor of the land; and this, whether the engine be acquired as part of the pump or the thresher, etc., or at another time and from another source.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 1006.

For other definitions, see Words and Phrases, vol. 3, p. 2701.]

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Iberia.

Action by Lahn & Co. against A. P. Carr. Judgment for plaintiff. On levy of execution, Jean Courrege and others, third opponents, asserted the vendor's privilege. On appeal the Third circuit court found for plaintiffs, a rehearing was granted, and judgment reversed in part; and Jean Courrege and others bring certiorari or writ of review. Dismissed.

Félix Voorhies, for applicants. Barnette & Roberts, for respondents Lahn & Co. Gordy & Gordy, for respondent J. I. Case Threshing Mach. Co. Benjamin Pearce Edwards, for respondent Carr. Preston Joseph Green, Raphael Joseph Labauve, William Benjamin White, and Félix Joseph Samson, for other respondents.

Statement of the Case.

MONROE, J. It appears, from the petition and return in this case, that opponents leased their farm for the year 1905 to defendant, and that, pending the lease, plaintiffs, who are ordinary judgment creditors of defendant, issued execution and caused to be seized and sold thereunder a thresher, a traction engine, several carts and wagons, an oil tank, two pumps, and a lot of rice belonging to the defendant, some of which articles were found on the leased premises and some were not; that opponents, by third opposition, asserted the lessor's privilege and right of pledge on the proceeds of said property; that the J. I. Case Machine Company asserted a vendor's privilege on the proceeds of the engine; that Theodore Laporte asserted a similar privilege on the proceeds of the carts, wagons, and oil tank; and that Richard B. Saiz asserted a privilege for his wages as a laborer on the proceeds of the rice; that, on appeal to the Third circuit court, as formerly constituted, that tribunal held that the engine was not an agricultural implement—the fact that it was "casually" attached as a motive power to the thresher not making it so, especially as the J. I. Case Machine Company, vendor of the engine, was not the vendor of the thresher, which had been seized and sold separately from the engine.

Applicants allege that a rehearing was granted, in terms which reopened the whole case, but that the present Court of Appeal (successor to the former) reversed the judgment previously rendered in so far as the

claim of said machine company was concerned, and declined to review the case in other respects, and that said rulings were erroneous, in this, to wit: That the entire case had been reopened, and properly so, since the issue to be determined relates to the to the distribution, in concurso, of the proceeds of the property of A. P. Carr among his creditors, each of whom is a necessary party thereto; that the mere casual attachment of the traction engine to a thresher, bought from another person and paid for, did not give to such engine the character of an agricultural implement, within the meaning of Civ. Code, art. 3259, or article 3227, or of the decision of this court in the case of Laporte v. Libby, 114 La. 570, 38 South. 457. Wherefore they pray that the judgment complained of be reviewed, and the case either remanded to the Court of Appeal to be considered in its entirety, or else finally decided in their favor. The opinion of the Court of Appeal recites that the trial judge decreed that the privilege of the vendor of the traction engine was superior to that of the lessor of the land, but that its predecessor (the Court of Appeal for the last Third circuit) had held that the lessor was entitled to the preference, and had then, upon the application of the vendor, granted a rehearing; and the learned court goes on to say:

"Other creditors of A. P. Carr asserted their privileges in the case; but as the application was made by the J. I. Case Machine Company only, and the rehearing was granted to that company, the consideration of this case will be restricted to the question of priority between the vendor's and the lessor's privilege. The trial court held that the engine was a farming utensil, in the sense of article 3259, Civ. Code, and, under the ruling of the court in the case of Laporte v. Libby, 114 La. 570, 38 South. 457, in the course of their opinion, our predecessors said: 'The sole remaining question to be decided is whether a traction machine, per se, is a farming utensil or not, considering it is used for pumping water on the crops and running the thresher. Laporte v. Libby * * * holds that a threshing outfit, as a whole, is a farming utensil; but it is hard to say whether an engine used for various purposes would be in strict line with that decision.' Continuing, the court says:

'Mules could not be termed agricultural implements, and yet the engine supplies the power that was formerly supplied by them.' Counsel for the lessor adopted this line of argument.

"The evidence shows that the traction engine in question was not used only for the purpose of pumping water on the rice crop of the lessee, but was also used for the cultivation and harvesting of his crop for the year 1905, the proceeds of which formed the subject-matter of this controversy.

"It is admitted by counsel, * * * if it [the engine] had been bought with the thresher as a whole, it would be a farming utensil, under the ruling in the case cited; but it is contended that, as it was bought separately, it cannot be classed as a utensil of that description. The fact that an engine and thresher be bought separately does not furnish a criterion by which they are to be classified as farming utensils or not. It is the use to which such machines are applied which determines their character as implements of husbandry or farming utensils. The thresher cannot perform the service for which it is designed, unless it is propelled by the thresher engine, which becomes * * * a necessary attachment. When combined and applied to the cultivation of the crop, they become component parts of a machine which, as a whole, is destined to the uses of the farm. The two machines are used as one, and, both being applied to the same use—that is, the service of the farm—they are each invested with the character of farming utensils. * * * The traction engine in question was used for the cultivation and harvesting of the lessee's crop, and was not applied to other uses, so far as disclosed by the record. Even if it had been temporarily used for other purposes, we do not think that such use would have devested it of its character as a farming utensil or implement of husbandry which it had acquired by the use to which it had been applied."

### Opinion.

No one complained of the judgment first rendered by the Court of Appeal save the J. I. Case Machine Company, and that company alleged that a rehearing should be granted "in so far as it prejudices petitioner," and prayed that a "rehearing be granted * * * on the opposition of petitioner." If, therefore, the whole case had been opened, the court would have gone beyond the prayer of the petition, and would have subjected itself and the litigants before it to the necessity of reconsidering questions with the decision of which all parties appeared to be satisfied. We find no reason to suppose that there was any such intention, and are of opinion that the

court correctly construed the judgment of its predecessor in holding that the inquiry on the rehearing should be confined to the matter with respect to which rehearing had been asked. Succession of Morere, 117 La. 543, 42 South. 132; Levy v. Levy, 117 La. 779, 42 South. 267. In their petition for rehearing, with respect to the judgment last rendered by the Court of Appeal, the applicants, now before this court, proceed upon the idea that the engine in question was only casually connected with, and had no other function to discharge than (where not otherwise employed) to drive, the thresher.

Thus they say:

"There is not a tittle of evidence in the record showing that this traction engine was used to cultivate the crop of the Courrege farm, for the reason that no such evidence could be given, as a traction engine is a locomotive for drawing vehicles on highways and in the fields, as Mr. Webster defines it, and it can under no circumstances, and per se, be a cultivator, and used as such, for field purposes."

Upon looking into the record, we find that Saiz, who was employed by defendant as a laborer, was interrogated, and answered as follows:

"Q. With what tools did you perform the labor done by you for Mr. Carr on the rice plantations; i. e., the Courrege tract? A. Running gang plows, disc harrows, seeder, wagons, shovels, and sometimes ran the engine."

And that Carr, the defendant in the case, testified as follows:

"He [Saiz] did all kinds of work. He plowed, harrowed, planted rice, built levees, tended water, and sometimes ran the pump. * * * We planted the Laporte farm first, and then took all the teams and men and went to Courrege's—the other farm; and we planted the crop there. Then, when we commenced to pump water on the Laporte farm, there was nobody there except the engineer. * * * I used the engine during the year 1905 on J. B. Courrege's place for pumping and threshing. * * * Q. Was this engine seized on the farm of J. B. Courrege, where it was used for the purposes of harvesting and cultivating rice crops last year? A. It was."

Cross-examination:

"Q. Have you not a steam pump, besides that engine, to pump water with on the Courrege place? A. No, sir."

120 LA.—26

It is thus shown that the engine in question was used to drive the pump by means of which the rice was irrigated, it is conceded that it was used to drive the machine by which the grain was threshed, and it may be inferred, from the foregoing testimony, that it was also used in the operation of ploughs, harrows, or cultivators of some kind; and it does not appear that it was ever used for any other purpose than the making and harvesting of the rice crop. That being the case, it was as much a farming utensil as were the implements driven by it, since:

"The term 'farming tools and utensils' is susceptible of divers meanings, and is applicable to the various implements used in different branches of farming." 19 Cyc. p. 459. "Its meaning is dependent on circumstances and may be explained by extrinsic evidence." Id. note 90, and authorities there cited. "In a will, the term 'utensil' has been held to include everything which is necessary for household purposes or for the trade with reference to which it is used." 29 A. & E. Enc. of Law (2d Ed.) p. 560, note, and authorities.

It is said:

"As an illustration, let us suppose that by some ingenious contrivance and device that thresher had been worked by the means of mules; would that effect the status of those mules, and make agricultural implements of them?"

We answer that we think not, nor would it make an agricultural implement of a man, if a man should work the thresher. But it does not follow, because the terms "implement" and "utensil" are inapplicable, under any circumstances, to mules and men, that they are inapplicable, under all circumstances, to traction engines.

In Laporte v. Libby et al., 114 La. 570, 38 South. 457, it was held by this court that a steam thresher is clearly within the term "farming utensils," as used in Civ. Code, art. 3259, and, consequently, that "the vendor's privilege on the proceeds of the sale of such machinery is superior to the privilege of the lessor."

In the instant case we are asked to say

that the engine, forming part of a machine, implement, or utensil used and necessary for the cultivation and harvesting of a crop of rice, is to be regarded as a farming utensil only when purchased with the other part; but we take it that the character of the apparatus is to be determined (for the purposes of the present question) by its use, and not by the source from which it is obtained or the time of its acquisition. The thing upon which the vendor's privilege primes that of the lessor is the utensil, whether it be a steam engine or an aëroplane, which is used for the making of the crop. Upon the other hand, if the farmer should also be a dealer in hardware, the privilege of the lessor would prime that of the vendor upon his stock in trade, even though such stock consisted entirely of threshers and ploughs.

It is therefore ordered, adjudged, and decreed that the demand of the applicant herein be rejected, and this proceeding dismissed, at his cost.