[L. A. No. 14080. In Bank.—December 17, 1934.]

SECURITY–FIRST NATIONAL BANK OF LOS AN-
GELES (a National Banking Corporation), Appellant,
v. GEORGE W. PIERSON, Respondent.

Barbour, Kellos & Backlund for Appellant.

N. Lindsay South for Respondent.

SHENK, J.—Fourteen saddles, nineteen bridles, fifteen
saddle blankets, three hackamores, and packing equipment,
of a value less than $1,000, were seized from the possession
of the defendant under a writ of execution to satisfy a
deficiency judgment against him. The defendant moved to

discharge said personal property from the levy and seizure on the ground that it was exempt from execution pursuant to the provisions of section 690, subdivision 3, of the Code of Civil Procedure. The motion was granted and the plaintiff prosecutes this appeal.

The only question to be determined is whether the trial court correctly decided that said personal property is of a character to entitle the defendant to the exemption under that section. The defendant is the owner and operator of a 1500 acre ranch upon which he resides with his family. The acreage is devoted in part to vineyard, orchard, alfalfa and grain. The defendant also raises cattle, and at the time of the levy there were about 84 head of cattle being cared for on the ranch. It is also shown that in the summer months the ranch was operated as a "Dude" ranch for the entertainment of paying guests. During that season horses, and the saddlery and equipment under seizure, were at the disposal of the guests for their use in horseback riding excursions, in the daily activities on the ranch and otherwise.

Subdivision 3, section 690 of the Code of Civil Procedure provides that the following property is exempt from execution or attachment: "The farming utensils or implements of husbandry of the judgment debtor, not exceeding in value the sum of one thousand dollars; also two oxen or two horses or two mules, and their harness, one cart or buggy, and two wagons, and food for such oxen, horses or mules, for one month . . . "

The defendant contends that the saddles, bridles, saddle blankets, packing equipment, etc., are implements of husbandry and therefore exempt from execution. He cites no authority to that effect, but it is claimed that this is so because the saddlery and equipment are used on horses which are ridden by the defendant and his employees in rounding up the cattle and otherwise in the discharge of the numerous activities and duties essential in the raising of stock on a 1500 acre ranch.

No necessity arises for a discussion of the question whether husbandry includes stock-raising. We may assume that stock-raising is one of the many branches of agriculture or farming as defined by the authorities. (*McCue* v. *Tunstead,* 65 Cal. 506, 507 [4 Pac. 510]; *Estate of Slade,* 122 Cal. 434, 437 [55 Pac. 158]; *Simons* v. *Lovell,* 7 Heisk. (54 Tenn.

419) 510, 516; *Dillard* v. *Webb,* 55 Ala. 468, 474; 25 Cor. Jur., p. 10; 31 Cor. Jur., p. 232; 12 Cal. Jur., p. 335.) Nor are we called upon to review the authorities, beyond referring to the case of *Stanton* v. *French,* 91 Cal. 274 [27 Pac. 657, 25 Am. St. Rep. 174], on the question whether, although personal property listed in the statute is sometimes hired out to others, the judgment debtor is entitled to claim the exemption if, as it is shown by the record to be the case, it is customarily used by him in the conduct of the business of farming and stock-raising. We may assume the answer in the affirmative. Nevertheless we are unable to perceive that the defendant has brought himself within the exemption. It may be true, as contended by him, that a liberal policy should govern as to what is to be considered an implement of husbandry, as that term is used in an exemption statute. (See *In re McManus,* 87 Cal. 292 [25 Pac. 413, 22 Am. St. Rep. 250, 10 L. R. A. 567]; *Estate of Klemp,* 119 Cal. 41 [50 Pac. 1062, 63 Am. St. Rep. 69, 39 L. R. A. 340]; *Spence* v. *Smith,* 121 Cal. 536 [53 Pac. 653, 933, 66 Am. St. Rep. 62].) Considering the beneficent and humane purpose of exemption statutes, such a policy of liberal construction may be said to apply when there is doubt whether the particular personal property is a tool or implement. ▮ A different rule of construction is indicated when the personal property comes within the class of property or articles specifically mentioned in the statute, or the quantity of specified articles declared to be exempt is expressly limited. The court may not make additions to the statutory list of exemptions. Consequently, if the defendant's property is of a class which is so specifically described or limited, his claim of exemption may not include more than the declared limitation. (*Pacific Bank* v. *Robinson,* 57 Cal. 520, 522 [40 Am. Rep. 120]; *Stanton* v. *French,* 91 Cal. 274 [27 Pac. 657, 25 Am. St. Rep. 174]; *Estate of Brown,* 123 Cal. 399, 401 [55 Pac. 1055, 69 Am. St. Rep. 74]; *Crown Laundry & Cleaning Co.* v. *Cameron,* 39 Cal. App. 617 [179 Pac. 525]; *Roberts* v. *Frank Carrithers & Bros.,* 180 Ky. 315 [202 S. W. 659, 660]; 25 Cor. Jur., pp. 57, 90; 12 Cal. Jur. 332.)

▮ It therefore becomes unnecessary to determine the question whether the saddles, bridles, etc., are implements of husbandry. Certainly, following the defendant's argu-

ment, they are not such implements by themselves and apart from their function of equipping animals employed in farming and stock-raising operations. Furthermore, we may say that they are not such implements in the light of the language used in said subdivision three. The words "horses or . . . mules, and their harness" have been used by the legislature as opposed in meaning to the words "farming utensils or implements of husbandry", and therefore as not intended to be included as implements of husbandry. Had the express differentiation not been made, the defendant's argument might be entitled to some weight. However, inasmuch as the exemption which a judgment debtor may claim under said subdivision is expressly limited to "two horses or two mules", it follows that the defendant was entitled to retain only so much of the property seized as will equip two animals. In this connection we are of the opinion that the word "harness" has sufficient flexibility to permit a conclusion that the legislature did not intend, by its use, to exclude saddles and similar equipment for two animals if they are customarily used or required by the judgment debtor in the business of farming and stock-raising.

The order is reversed.

Seawell, J., Langdon, J., Preston, J., Curtis, J., and Waste, C. J., concurred.