ELLIS, Judge.
This case was before this Court previously, and is reported in 44 So.2d 354. *621 An application for a rehearing was filed by the plaintiff-appellant, which was granted, and it is again before us on the rehearing.
The original decree amended the judgment of the lower court by overruling the pleas of prescription of ten years, but affirmed it in all other particulars, and as defendant-appellee did not apply for a ■rehearing as to the adverse ruling on the ten years prescription, only the request contained in the petition upon which the rehearing was granted will be considered. Lahn & Co. v. Carr, 120 La. 797, 45 So. 707; Gullett Gin Co. v. Varnado Gin Co., 10 La.App. 158, 120 So. 240.
Plaintiff-appellant in his motion for a rehearing contended the Court made the following errors:
I.
“The court erred in holding that ‘the testimony reflects that more than thirty years ago a fence was constructed between the William Para arpent and the Walter Para arpent’.”
II.
“The court erred in holding ‘that the tract of land herein claimed by the defendant has been possessed under visible bounds for more than thirty years’.”
III.
“The court erred in holding that Frank Para who possessed, and farmed as a single. tract of land and without any regard to ■such fences, if any, as were located thereon, the eight arpent front tract owned by the heirs of Frank Para, Sr. could or did possess any portion of that property either for himself or another adversely to its •owners and his lessors.”
IV.
“The court erred in holding, even if thirty years adverse possession was shown by defendant, that the prescription established by Civil Code Article 852 was applicable herein because the transcript shows that minors were owners of the Walter Para tract during much of such thirty year period and under Civil Code'Articles 3522 and 3554 the prescription established by Civil Code Article 852 does not run against minors.”
As to I an II, we find no error in our original opinion and think it is eminently correct in these respects, and readopt it as an answer thereto.
As to alleged error No. IV, no such issue was presented on the original hearing, and' furthermore, the burden of proof being upon the plaintiff to submit evidence establishing the date of Walter Para’s death, the number and ages of any and all 'heirs, and the record being devoid of such proof, no error was committed.
As to alleged error No. Ill, while it is true that Frank Para farmed the eight arpents as a whole, beginning in 1914, it is also shown by the record that on May 2, 1917 there was an act of partition in which the eight arpent tract was divided so as to give each tract a one arpent frontage. It is shown that an arpent is approximately 192 feet, and it is also shown that the frontage of the tract belonging to the defendant only exceeded this, by 1 Yz feet.
At the time that this act of partition was made, there was no' dispute so far as the evidence shows, that the fence between the William , and Walter Para tracts was recognized as the boundary between them. Therefore, Frank Para, after the partition did not farm the tract as a whole for the heirs but farmed 'each separate tract for each heir. He then had possession as tenant for William Para up to the old fence which was then accepted as the boundary between William and Walter Para’s land. There is no evidence that either William or Walter Para ever claimed beyond this fence, and no evidence of any dispute between the two as to the boundary. Therefore, we are of the opinion that the possession of Frank Para of William Para’s tract was adverse to Walter Para, and his possession of the William Para tract to the fence was properly considered in the original opinion, and included so as to constitute more than thirty years *622 adverse possession. The same is true as to plaintiff’s tract
It is, therefore, ordered, adjudged and decreed that the original opinion and decree be reinstated and made the final decree and opinion of this Court.