In re Gene D. VIGIL, Debtor.

Bankruptcy No. 1–89–00238.

United States Bankruptcy Court,
N.D. California.

June 30, 1989.

---

Ray Olmstead, Santa Rosa, Cal., for trustee.

Reginald R. Hindley, Santa Rosa, Cal., for Debtor.

## MEMORANDUM OF DECISION

ALAN JAROSLOVSKI, Bankruptcy Judge.

For several years, debtor Gene Vigil and his wife operated a garage. The debtor worked as the mechanic, and his wife did the office work and kept the books. Prior to bankruptcy, they terminated the business and separated. The debtor listed his occupation as "unemployed."

The issue before the court is whether the debtor can exempt $4,450.00 worth of automotive tools and equipment. He has claimed the exemption pursuant to California Code of Civil Procedure section 704.-060(a)(3), which allows a $5,000.00 exemption for tools of the trade used by the debtor and his spouse in the same trade or business in which both earn a livelihood. A single debtor, or a married debtor whose spouse is not involved in the trade or business, is entitled to only a $2,500.00 exemption.[1] California law requires that the statute be liberally construed in favor of the debtor, except where the express provisions of the statute dictate otherwise. *Security–First Bank v. Pierson* (1934) 2 Cal.2d 63, 65, 38 P.2d 784.

■ The Trustee takes the position that there can be no claim of exemption at all under the statute where the debtor's business was closed and he was unemployed on the day he filed his bankruptcy petition. The Court does not adopt this view of the law. The statute exempts tools and implements used in a "trade, business or profession" by which the debtor earns a livelihood. The mere fact that a debtor has no business does not mean he has no trade. If the debtor has special skill or knowledge in an occupation which requires such skill or knowledge, then any tools necessary to that occupation are exempt under the statute unless there is clear evidence that the

---

1. California Code of Civil Procedure section 704.060(a) provides:

    **§ 704.060. Personal property necessary to and used in exercise of trade, business or profession**

    (a) Tools, implements, instruments, materials, uniforms, furnishings, books, equipment, one commercial motor vehicle, one vessel, and other personal property are exempt to the extent that the aggregate equity therein does not exceed:

    (1) Two thousand five hundred dollars ($2,500), if reasonably necessary to and actually used by the judgment debtor in the exercise of the trade, business, or profession by which the judgment debtor earns a livelihood.

    (2) Two thousand five hundred dollars ($2,500), if reasonably necessary to and actually used by the spouse of the judgment debtor in the exercise of the trade, business, or profession by which the spouse earns a livelihood.

    (3) Five thousand dollars ($5,000), if reasonably necessary to and actually used by the judgment debtor and by the spouse of the judgment debtor in the exercise of the same trade, business, or profession by which both earn a livelihood. In the case covered by this paragraph, the exemptions provided in paragraphs (1) and (2) are not available.

debtor has abandoned that occupation or is incapable of continuing in it. See *In re Schuette* (Bkrtcy.D.Minn.1986) 58 B.R. 417, 420. The Court interprets the phrase "by which the debtor earns a livelihood" as meaning his principal source of income when he has work, and not a requirement that he have work when he claims the exemption. To rule otherwise would strip the debtor of his means of earning a livelihood in the future, when the clear purpose of the statute is to preserve that ability.

The Trustee next argues that if an exemption is allowed, it can be only the $2,500.00 exemption of a single debtor and not the $5,000.00 allowed to a debtor whose spouse works in the business with him. The Court agrees with this reading of the statute.

Where both spouses are actively involved in the business, there is no requirement that each spouse use each tool or implement in order to exempt it; it is sufficient if the tool or implement is necessary to their joint effort. Thus, the Court would have no difficulty sustaining a $5,000.00 exemption for the tools and equipment used in the garage if the debtor and his wife intended to continue to earn a livelihood together from them. However, where the debtor and his spouse have split up, and no longer intend to earn a livelihood together, neither the statute nor the policies behind it mandate that the debtor enjoy the benefits reserved for spouses who work together. Since the debtor and his wife were not earning a livelihood together when the debtor filed his bankruptcy petition, and do not intend to work together in the future, the provisions of section 704.060(a)(3) do not apply and the debtor is limited to a $2,500.00 exemption pursuant to section 704.060(a)(1).

The Trustee's objection to the claim of exemption will accordingly be sustained. The debtor shall file an amended schedule B-4 identifying each tool or implement claimed exempt pursuant to section 704.060, and its value. The aggregate value of the items claimed as exempt under the statute shall not exceed $2,500.00.

Counsel for the Trustee shall submit an appropriate form of order.