[S. F. No. 1432.   Department Two.—January 25, 1889.]

In the Matter of the Estate of A. PAGE BROWN, Deceased. LUCY BROWN, Appellant, v. CREDITORS OF ESTATE, Respondents.

ESTATES OF DECEASED PERSONS—SETTING APART EXEMPT PROPERTY—LIFE INSURANCE POLICIES—CONSTRUCTION OF STATUTE.—Under section 1465 of the Code of Civil Procedure, construed in connection with sec-

tion 690 of the same code, life insurance policies the annual premiums of which exceed five hundred dollars cannot, as to any portion thereof, be set apart to the widow and minor children as property exempt from execution.

Id.—EXEMPTION A CREATURE OF STATUTE—LEGISLATIVE INTENT.—Exemptions are the creatures of statute, and no property is exempt unless made so by express provision of law. Where the legislative intent is clear and unambiguous, the literal import of the statute must be followed, and there is no room for construction.

Id.—REMEDIAL STATUTE—LIBERAL CONSTRUCTION.—A statute exempting property from execution is remedial, and if susceptible of construction is to be liberally construed to effect that purpose of the legislature; but that is not a liberal construction which would defeat the plainly expressed purpose of the legislature.

APPEAL from an order of the Superior Court of San Mateo county denying a petition to set apart life insurance moneys to widow and minor children of a deceased person. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Harold Wheeler, for Appellant.

Roger Johnson, Morrison, Foerster & Cope, Mullany, Grant & Cushing, George C. Ross, T. C. Coogan, and Edward F. Fitzpatrick, for Respondents.

THE COURT.—The appeal in this case is from an order of the superior court denying appellant's petition asking that certain life insurance moneys be set apart to her and to her minor children. There is no controversy as to the facts.

The decedent, A. Page Brown, died testate in 1896, leaving a widow and three minor children. The inventory showed the value of the estate to be forty-three thousand eight hundred and sixty-nine dollars and twenty-one cents, of which twenty-five thousand dollars consisted of moneys collected by appellant, as executrix, from the New York Life Insurance Company upon its policy, No. 356,577, issued to her husband some six years prior to his death, and which was made payable to his estate. All of the estate was community property. The estate was indebted to such extent that the total assets of the estate, after deducting expenses of administration, a homestead, family al-

lowance, et cetera, is not sufficient for the payment of the creditors in full.

The widow's petition is based upon the provision of section 1465 of the Code of Civil Procedure, which requires the court to set apart to the widow all property exempt from execution, and upon that portion of section 690, of the Code of Civil Procedure, which reads as follows:

"The following property is exempt from execution, except as herein specially provided: . . . . 11. All moneys, benefits, privileges, or immunities accruing, or in any manner growing out of any life insurance on the life of the debtor, if the annual premiums paid do not exceed five hundred dollars."

Exemptions are the creatures of statutes and exceptions to the general rule. No property is exempt unless made so by express provision of law. No assumed legislative policy can justify the courts in adding to the statutory list of exemptions. Legislators are presumed to understand the force and effect of the language which is used and to have contemplated all circumstances which would make it desirable that other property not in the lists of exemptions should be added thereto. The language used is entirely unambiguous. The legislative intent is clear, and is to no extent defeated by executing the law as it reads. Under such circumstances it is fruitless to talk of the literal meaning of the language, and of other meaning than the literal meaning. In fact, no attempt is made to find any other meaning in the language. The attempt is to defeat the express legislative will, not by giving the language used another meaning, for that is impossible, but by saying the law as it plainly reads is unreasonable. What chance is there for the construction of the law? It simply says that moneys accruing upon an insurance policy issued upon the life of the judgment debtor are exempt if the annual premiums paid do not exceed five hundred dollars. It is as plainly said that if the annual premiums paid do exceed five hundred dollars no part of the same is exempt, as though it had been so added in words. And, besides, we do not expect to find in such a statute negative words, for nothing is exempt save what is expressly made so, and when a statute gives a list of exempt property it expressly provides that no other property is exempt. To construe an un-

ambiguous statute is an attempt to defeat the expressed legislative will and not to ascertain it. Probably no one would ever have questioned this view, or contended that a statute means something different from what it plainly expresses, were it not for the fact that in 1868 a statute was enacted upon this subject, which, it is contended, was the source from which the present code provisions were derived. (Stats. 1867-68, p. 500.) That provision is that moneys accruing from certain life insurance policies shall be exempt, "provided, however, this exemption shall not extend beyond such moneys, benefits, rights, privileges, and immunities as have been or might have been secured by the payment of an annual premium of five hundred dollars." The difference in the two statutes is obvious. The statute of 1868 exempts some portions of all moneys accruing upon certain policies, with a proviso that an exemption shall only extend to such benefit as might have been secured by the annual payment of five hundred dollars. It expressly exempts some portion of larger policies. The code provision only exempts moneys accruing upon policies where the annual premiums do not exceed five hundred dollars. It cannot be construed as exempting part only of any policy.

It is said that the statute is remedial and should be liberally construed to effect the purpose of the legislature. That is so, but that is not a liberal construction which defeats the plainly expressed purpose of the legislature. The purpose here is as plainly expressed as it could be, and is entirely accomplished by executing the unambiguous statute. An example of liberal construction would be to make such words as "tools of the mechanic," "implements of husbandry," et cetera, as comprehensive as possible. But it would not be a liberal construction of a statute which simply makes exempt policies upon which the annual premiums are less than five hundred dollars, to hold that it also makes exempt moneys due upon a policy upon which the annual premiums exceed five hundred dollars to the extent of benefits which could have been earned by an annual premium of exactly five hundred dollars.

The order appealed from is affirmed.

Hearing in Bank denied.