In re WILDER.

(District Court, N. D. California, First Division.    March 4, 1915.)

No. 8956.

EXEMPTIONS ⬅️➡️44—VEHICLES—TAXICABS.

An automobile taxicab, owned by a hackman, is not exempt, under Code Civ. Proc. Cal. § 690, which exempts one cart or wagon, one dray or truck, one coupé, and one hack or carriage for one or two horses, by the use of which the owner habitually earns his living.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 51–55; Dec. Dig. ⬅️➡️44.]

In Bankruptcy. In the matter of William Wilder, bankrupt. On review of an order of the referee holding a taxicab not to be exempt. Affirmed.

Fred S. Howell, of Petaluma, Cal., for bankrupt.

E. J. Dole, of Petaluma, Cal., for trustee.

DOOLING, District Judge. The bankrupt claims as exempt a taxicab automobile, under the provisions of section 690 of the Code of Civil Procedure of California, which exempts:

"Two horses, two oxen, or two mules, and their harnesses, and one cart or wagon, one dray or truck, one coupe, one hack or carriage, for one or two horses, by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster or other laborer habitually earns his living."

The bankrupt is a hackman. This taxicab does not fall within the literal terms of the section, and while those provisions are to be construed liberally, yet the court is not warranted in creating by interpretation new exemptions. The Legislature of this state has been in session several times since taxicabs have been in very general use, and might well have included them in the exempt list. As the Legislature has not done so, I do not fell warranted in doing so by an interpretation of the language of the section which at the best would be a forced one.

The order of the referee is affirmed.