AMERICAN SURETY COMPANY OF NEW YORK, Plff.,

*v.*

THE SUCCESSION OF FRANCISCO SUBIRÁ, Dfts.

---

San Juan, Law, No. 1087.

EXEMPTION' OF INSURANCE POLICY.

Transfer of Case to Other Division.
> 1. Rule 8 of the court is designed to facilitate the trial of causes, and where no showing is made that either of the parties will be convenienced by the transfer of the cause to another division of this district, the same will be denied.

Merger of Causes of Action.
> 2. A cause of action based upon an agreement in a bond, that S. and his heirs will make good any payment made by plaintiff, is not merged in a count based upon an assignment to plaintiff of the claim of the obligee under the bond against S. and his heirs.

Election of Causes of Action.
> 3. Election obtains only where the causes of action are inconsistent. Where distinct causes of action in separate counts are alleged upon which but one recovery can be had, election cannot be required.

NOTE.—As to exempt character of proceeds of insurance, see notes in 19 L.R.A. 34; L.R.A.1915A, 1201.

American S. Co. v. Succession of Subirá.

Exemption of Property from Attachment.
    4. The Porto Rican law with regard to exemption of property
from execution applies likewise to attachments.

Opinion filed December 14, 1915.

Mr. *José A. Poventud* for motions.

Mr. *F. E. Neagle* opposed.

HAMILTON, Judge, delivered the following opinion:

The allegations of the complaint are that Francisco H. Subirá was during his lifetime cashier of the Porto Rican Leaf Tobacco Company at Caguas, and that the plaintiff was surety upon his fiduciary bond to this company. By this bond Subirá promised for himself and his heirs to reimburse the plaintiff for any loss upon the bond; and that in July last the plaintiff was forced to pay the obligee the sum of $15,000 through the default of Subirá. Subirá has died, and this suit is brought to collect $2,000 life insurance left by him.

1. The first motion that should be noticed is to transfer the case to the Ponce division of this court. It is alleged that all but one of the defendants are residents of Ponce and that the plaintiff's case rests upon record evidence. The matter of removal is one in furtherance of justice, so as to save unnecessary expense and trouble. Rule 8 upon this subject was designed to facilitate the trial of causes, and, as the island of Porto Rico constitutes one district, it must be interpreted so as best to advance the convenience of the parties. The plaintiff is a

American S. Co. v. Succession of Subirá.

foreign corporation whose agent resides in San Juan. Many of the defendants are minors, and the guardians, who really represent the defendants, seem to live nearer San Juan than Ponce. Upon the showing at present before the court, it does not seem that it would be more convenient for either court or parties to transfer the case from San Juan. The motion must, therefore, be denied.

2. Another motion in the case is to strike out the second cause of action stated in the complaint, because it is merged in the first count. The first cause of action in the complaint is based upon the alleged fact that the Porto Rican Leaf Tobacco Company assigned its claim against Subirá to the plaintiff, and on this the plaintiff sues. This would by itself be a proper cause of action. The second count in the complaint sues upon the agreement in the bond that Subirá and his heirs will make good any payment by the plaintiff under the bond. This second count sets up a cause of action separate from the first, somewhat as if an indorser who paid the subsequent indorser for the maker's default should sue the maker upon his indorsement, as well as upon the claim which had been assigned him by the subsequent indorser. It is a case where there are two different obligations by Subirá, but the satisfaction of one would extinguish the other. There seems to be no reason why the two cannot be joined in one complaint, and in fact it is for the advantage of Subirá that this be done, as thereby everything is cleared up in one proceeding, and at the same time there can be but one satisfaction. There is no merger, because the claims are different in origin, and their being held by one person does not change their nature. 20 Am. & Eng. Enc. Law, 596. Nor does it come under the rule that where there

is an express agreement between the parties generally, *assumpsit,*
—or the common counts, as they are called in some jurisdic-
tions,—does not lie. Snedicor v. Leachman, 10 Ala. 330. This
is not a case of general *assumpsit,* but of express contract under
each count.

3. The motion also sets up that there should be an election
between the two claims. Election obtains only where two causes
of action are inconsistent. One should not be permitted to
blow hot and cold at the same time, as to tort and contract, and
as to law and equity. Bouvier's Law Dict. s. v. The joinder
of two distinct causes of action, however, is not only proper, but
is sometimes required in the law of procedure. As there can
be but one recovery, and the two counts represent different
and not inconsistent causes of action, election cannot be required.
The case seems to present two distinct and separate lines of
fact tending to give one relief, and the different averments may
be proper to meet the emergencies of the trial. The matter
is largely within the discretion of the court. Wagner v. Nagel,
33 Minn. 348, 23 N. W. 308.

4. In this case an order of attachment under the Code of
Civil Procedure of Porto Rico was granted, and the marshal
attached a certain life insurance policy, No. 131,902, in the
hands of the Sun Life Insurance Company of Canada. This
is upon the life of Subirá for $2,000 and payable to his first
wife, who, however, died some years ago. It seems to be ad-
mitted that the policy thereby became payable to the estate of
the assured. The present suit is one against that estate. The
motion now made is based upon the exemption laws of Porto
Rico. The annual premium upon the policy is claimed by the
motion to be $48.30. And the averment is made that under

§ 249 (9) of the Porto Rican Code of Civil Procedure, this is exempt. On the other hand, the plaintiff files an affidavit, perhaps hearsay in form, tending to show that the amount mentioned is only the semiannual premium, and that the annual premium, therefore, is much over the exemption of $50 premium allowed by law.

Exemption laws of Porto Rico are not dissimiliar to those of different states. There is, in the first place, the homestead exemption. Com. P. R. Law, § 1000, Act of March 12, 1903. This, by its terms, can be claimed not only by the debtor, but by his heirs. *Id.* § 1001. In addition to this, there are twelve kinds of personalty exemptions set out in the Code of Civil Procedure, § 249, copied in substance from Idaho and California. It is true that a person alleging an exception must bring himself within it, but exemption laws are more favorably considered. Ordinarily, as in Alabama, there are different exemptions for the living and for the families of decedents, and special procedure is prescribed for the claim of exemptions. The Porto Rican law is, perhaps, less definite, and one must get at the law from the facts of the particular case. Section 249 of the Porto Rican Code of Civil Procedure provides that "in addition to the homestead exempted by the homestead law the following property belonging to the actual resident of this Island is exempted from execution, except as herein otherwise specially provided. 1. Chairs, tables, desks and books to the value of $100, belonging to the judgment debtor." There then follows household furniture of the judgment debtor, and afterwards farming utensils, tools of a mechanic, cabin of a miner, oxen, horses and vehicles, presumably of the judgment debtor

American S. Co. v. Succession of Subirá.

although not so specified, the earnings of the judgment debtor up to a certain amount, shares in a homestead association, insurance represented by an annual premium not exceeding $50, fire engines, arms and uniform, and, lastly, courthouses and the like. None of these latter are specified as belonging to the judgment debtor, but from the necessity of the case must in some way be associated with him. Do they, however, survive as exemptions in favor of his estate?

It would seem to be an unreasonable construction of the law as to life insurance, which, by its theory if not by its terms, matures upon the death of the insured, that it shall be construed as being exempt only during his lifetime. The proper construction would seem to be that a life insurance exemption can be claimed by the proper representatives of the decedent.

5. It is alleged by the plaintiff that the defendants must bring themselves within the terms of the statute, and, therefore, cannot claim any part of this policy is exempt if the premium is for more than $50. Re Brown, 123 Cal. 399, 69 Am. St. Rep. 74, 55 Pac. 1055. It is probably unnecessary to decide the point at this time. The proof is by affidavits and cannot be said to be clear. The issue may be more clearly presented later in the case.

The rule seems to be that under facts as in the case at bar the policy goes to the decedent's estate. 2 May, Ins. 906. The plaintiff alleges that the heirs have no right to claim the insurance policy, because nothing passes to them until they have accepted the inheritance, and that they cannot accept the inheritance without paying the debts of the deceased. Civil Code of Porto Rico, arts. 886, 989. 7 Manresa, 756. These points cannot be satisfactorily passed on without further pleadings and proof.

6. The plaintiff argues that the exemption allowed by the Porto Rican law applies only to executions and therefore does not apply to the case at bar, which is one of attachment. This, however, would seem to be too strict a construction. The attachment law of Porto Rico is somewhat different from that of many of the states. It is designed rather to hold property intact to await the issue of the suit, than to be a remedy distinct from execution. The title of the law under which attachment is allowed is "An Act to Secure the Effectiveness of Judgment," approved March 1, 1902. The law as to exemptions provides so little in the way of procedure that it must be construed with liberality in order to secure the results aimed at.

"Statutes exempting property from execution are enacted on the ground of public policy for the benevolent purpose of saving debtors and their families from want by reason of misfortune or improvidence." Holmes v. Marshall, 145 Cal. 777, 778, 69 L.R.A. 67, 104 Am. St. Rep. 86, 79 Pac. 534, 2 Ann. Cas. 88.

The court is unwilling to hold that a law providing attachment as a provisional remedy shall have an application to exemption when the usual and generic process of execution is expressly declared inapplicable. The office of an attachment is to seize and hold property until it can be subjected to execution. The lien is of no value unless the plaintiff obtained judgment and proceeded to subject the property to execution. Bouvier's Law Dict. s..v. Attachment. Evidently, therefore, it cannot occupy a higher position than execution itself.

It follows that all three motions in the case must be denied. It is so ordered.