KENNEDY et al. v. HILLS.

In re KENNEDY et al.

(Circuit Court of Appeals, Ninth Circuit. July 3, 1916.)

No. 2762.

EXEMPTIONS ⊝44—STATUTES—CONSTRUCTION—"WORK CATTLE."

Under Rem. & Bal. Code Wash. § 563, exempting to a farmer one span of horses or mules, with harness, or two yoke of oxen, to a physician one horse, with harness and buggy, to a teamster one team, consisting of one span of horses or mules, or two yoke of oxen, or a horse and mule, and in paragraph 13, three yoke of work cattle and their yokes, etc., to a person engaged in the business of logging, one engaged in the business of logging is not, in view of the other portions of the statutes specifically naming horses and mules, entitled to a team of horses as exempt on the ground that the expression "work cattle" was not confined to bovines, but included all domestic animals used as beasts of burden.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 51–55; Dec. Dig. ⊝44.

For other definitions, see Words and Phrases, Working Cattle.]

Petition to Revise an Order of the District Court of the United States for the Southern Division of the Eastern District of Washington, in Bankruptcy; Frank H. Rudkin, Judge.

In the matter of the bankruptcy of J. C. Kennedy and A. J. Kennedy, doing business as J. C. Kennedy & Son. The bankrupts applied to have S. T. Hills, as trustee, set aside to them as exempt two horses and harness, and, an order of the referee refusing to allow the exemption being affirmed, they petition to revise. Petition denied, and order affirmed.

Fabian B. Dodds, of Spokane, Wash., for petitioners.

Trefethen, Grinstead & Laube, of Seattle, Wash., for respondent.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. The bankrupts were loggers engaged in the business of logging, and had families living with and dependent upon them. By petition for revision they present the question whether, under paragraph 13, section 563, Remington & Ballinger's Annotated Codes and Statutes of Washington, they were entitled to certain horses as exempt.

The state statute referred to exempts from execution and attachment, except as specially provided, certain property, for instance: "To a farmer, one span of horses or mules, with harness, or two yoke of oxen," and certain other things; to a mechanic, "the tools and instruments used to carry on his trade for the support of himself and family"; to a physician, "his library, * * * one horse, with harness

and buggy"; to a teamster or drayman, engaged in that business for the support of himself or his family, "his team, consisting of one span of horses, or mules, or two yoke of oxen, or a horse and mule"; and—

(13) "To a person engaged in the business of logging for his support or that of his family, three yoke of work cattle and their yokes, and axes, chains, implements for the business, and camp equipments, not exceeding three hundred dollars, coin, in value."

Petitioners ask us to include within the meaning of "work cattle," used in paragraph 13 just quoted, the horses claimed herein. Their argument is that, when the statute was passed more than 50 years ago, both oxen and horses were used in logging, and that the word "cattle," being generic, should include not only neat cattle, but horses, mules, asses, and practically all domestic quadrupeds used as beasts of burden. But, when the various sections of section 563 referred to above are considered, the argument cannot prevail. By using the words "mules," "oxen," and "work cattle" in other sections of the statute, the Legislature showed that in employing the specific words "work cattle," found in paragraph 13, they intended to use them in the limited sense in which they are generally used, and therefore as only including animals of the bovine genus.

The liberality of construction of exemption statutes meant for the benefit of poor debtors is well defined by Judge Redfield in Carty v. Drew, 46 Vt. 346, where the court said:

"When a class of property is exempt, such as 'suitable apparel, bedding, tools, arms, and articles of household furniture; such as may be necessary for upholding life,' the courts take care that the beneficial purposes of the Legislature are carried into execution, and give the statute the most liberal construction. But when a specific article is exempt, the court cannot extend the statute by construction to another and different article."

"Three yoke of work cattle and their yokes" by all common understanding means bovines and their yokes, and not equines and their harness.

We affirm the view of the District Court, and must deny the petition.