[Civ. No. 2523.   Second Appellate District, Division One.—February 5, 1919.]

## CROWN LAUNDRY & CLEANING COMPANY (a Corporation), Appellant, v. G. E. CAMERON, Respondent.

EXECUTION — EXEMPTION — AUTOMOBILE.—An automobile used continuously by a laundry-man in collecting clothes and garments from patrons and returning them after they had been laundered is not exempt from attachment and execution under subdivision 6 of section 690 of the Code of Civil Procedure, although the claimant of the exemption was a married man having a wife and four minor children, all supported solely by his labor, since the general term "or other vehicle" used in that section plainly refers to horse-drawn vehicles.

APPEAL from an order of the Superior Court of Los Angeles County.   Grant Jackson, Judge.   Reversed.

The facts are stated in the opinion of the court.

George H. Moore and Raymond E. Hoyt for Appellant.

Albert G. Payne for Respondent.

JAMES, J.—Respondent was engaged in the business of collecting clothes and garments from patrons and returning the same after they had been laundered. In the doing of that work he used a Ford automobile continuously. Plaintiff brought its action in the superior court to recover the sum of $870 from the defendant, alleged to have accrued and to be owing upon contract. It secured a writ of attachment

and caused a levy to be made on the automobile of defendant. Defendant appeared and moved to discharge the attachment, claiming that the automobile was exempt from execution. He filed an affidavit, which was not contradicted by any proof offered by the plaintiff, showing facts as to the use made of the machine in his employment, as has been stated in the foregoing, and further showing that he was a married man, having a family of a wife and four minor children, all supported solely by his labor. The court granted the motion and the plaintiff has appealed.

The sole question presented is as to whether the automobile was exempt from execution under the provisions of subdivision 6 of section 690 of the Code of Civil Procedure. In that subdivision it is provided that the following property shall be exempt from execution: "Two horses, two oxen or two mules, and their harness, and one cart or wagon, one dray or truck, one coupé, one hack, or carriage, for one or two horses, by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster or other laborer habitually earns his living; . . . " Clearly, it appears to us that a motor-driven vehicle is not a cart, wagon, dray, truck, coupé, hack, or carriage, as those terms are used in the section. The section plainly says that such exempt vehicles are vehicles which may be drawn by "one or two horses." If the legislature intended that a motor vehicle should be exempt from attachment, we think that it would have so declared in plain terms. For the courts to add to the statute any articles not enumerated would in effect be judicial legislation. Counsel for respondent cites an Iowa case (*Lames* v. *Armstrong et al.,* 162 Iowa, 327, [Ann. Cas. 1916B, 511, 49 L. R. A. (N. S.) 691, 144 N. W. 1]) in which it was held that an automobile was exempt under the terms of the Iowa statute. It is sufficient to say that the statute there considered contained the general term, "or other vehicle," which makes it quite different from the California law. While it is the established policy of the law to construe liberally the exemption statute, such construction cannot go to the extent of adding articles which the legislature has omitted to include. As said in *Stanton* v. *French,* 91 Cal. 276, [25 Am. St. Rep. 174, 27 Pac. 657]: "In the list of property allowed peddlers by statute as exempt from execution, we find no article answering in name

or use to a bread-box, *and a debtor's claims are limited by the words of the statute."*

The order appealed from is reversed.

Conrey, P. J., and Shaw, J., concurred.