[Civ. No. 5498. First Appellate District, Division One.—August 5, 1927.]

B. M. J. CONLIN, Appellant, v. WILLIAM I. TRAEGER, Sheriff, etc., Respondent.

C. B. Conlin and, E. R. Simon for Appellant.

Edward T. Bishop, County Counsel, and Ernest Purdum, Deputy County Counsel, for Respondent.

CAMPBELL, J., *pro tem.*—This is an action brought by appellant, who is a physician practicing his profession at Long Beach, California, to recover damages against respondent, who, as sheriff, attached an automobile belonging to appellant. The only question presented is whether an automobile used by a physician in the legitimate practice of his profession is exempt from attachment or execution under section 690 of the Code of Civil Procedure.

It is alleged in the complaint that plaintiff is a physician, duly licensed to practice medicine and surgery in the state of California, and that on March 29, 1923, and prior thereto was actually engaged in the practice of his profession as such physician and surgeon in the city of Long Beach, California, and that on said date he was in the actual possession of and entitled to the immediate possession of a certain "Reo" roadster automobile, which was then the vehicle of and part of the equipment used by him in the legitimate practice of his profession as a physician and surgeon, and on

said date the defendant, as sheriff of Los Angeles County, California, without plaintiff's consent, wrongfully and without right and legal authority, seized said automobile and took possession thereof under a writ of attachment and ever since said date has continued to and does now retain possession of said automobile without right or legal authority; that at the time of the seizure said automobile was of the value of $1,000 and that the value of the use of said automobile is $10 per day, and that plaintiff has been damaged by the detention of said automobile in the sum of $3,300; that demand was made for the return thereof and that defendant refused and still refuses to return the same to plaintiff. Defendant filed a general demurrer to the complaint, which was sustained by the court without leave to amend, and judgment was thereafter entered in favor of defendant, from which judgment plaintiff has appealed.

The portion of section 690 of the Code of Civil Procedure which is involved here reads: "The following property is exempt from execution or attachment, except as herein otherwise specially provided (Subd. 6) . . . one horse with vehicle and harness or other equipments, used by a physician . . . in the legitimate practice of his profession or business."

The statute exempts one horse with vehicle and harness or whatever other equipment is used with or on the horse and does not mention automobiles. If we are to give the statute a "liberal and forward-looking interpretation," as contended for by appellant, and concede that the words "horse with vehicle and harness or other equipments" include any means of transportation, then such language not only includes automobiles, but also any other method of transportation used by a physician, no matter how different from those mentioned in the statute or how valuable. As the court said in *Estate of Brown,* 123 Cal. 399 [69 Am. St. Rep. 74, 55 Pac. 1055] : "Exemptions are the creatures of statutes and exceptions to the general rule. No property is exempt unless made so by express provision of law. No assumed legislative policy can justify the courts in adding to the statutory list of exemptions. Legislators are presumed to understand the force of the language which is used and to have contemplated all circumstances which would make it desirable that

other property not in the list of exemptions should be added thereto. The language used is entirely unambiguous. The legislative intent is clear and is to no extent defeated by executing the law as it reads. Under such circumstances it is fruitless to talk of the literal meaning of the language and of other meaning than the literal meaning. . . . And, besides, we do not expect to find in such a statute negative words, for nothing is exempt save what is expressly made so, and when a statute gives a list of exempt property it expressly provides that no other property is exempt. To construe an unambiguous statute is an attempt to defeat the expressed legislative will and not to ascertain it. . . . It is said that the statute is remedial and should be liberally construed to effect the purpose of the legislature. That is so, but that is not a liberal construction which defeats the plainly expressed purpose of the legislature.''

The words ''or other equipments'' do not enlarge the statute so that it means something different from the articles named. These words are not separated from the words ''horse with vehicle and harness.'' They clearly refer to other equipments which can be used with a horse. They are general words which follow a specific enumeration and by the rule of *ejusdem generis* can mean not equipments in general, but like articles to the vehicle and harness such as saddles and saddlebags. Giving the language of the statute the broadest construction of which it is susceptible, we could only say that other equipments might be used with the horse in place of the vehicle and harness, but we cannot separate the equipments from the remainder of the sentence without doing violence to the English language, the rules of punctuation, the law of construction known as *ejusdem generis* and the inherent probabilities of the legislative action.

The legislature has not included automobiles in the statute, and for the court to do so would be judicial legislation. As is said in *Stanton* v. *French,* 91 Cal. 276 [25 Am. St. Rep. 174, 27 Pac. 657] : ''in the list of property allowed peddlers by statute as exempt from execution we find no article answering in name or use to a breadbox, and a *debtor's claims are limited to the words of the statute''* (italics ours).

In *Crown Laundry etc. Co.* v. *Cameron*, 39 Cal. App. 617 [179 Pac. 525] in which it was claimed that an automobile used in the business of collecting clothes and garments from patrons and returning them after they had been laundered was exempt from attachment, the court says: "The sole question is as to whether the automobile was exempt from execution under the provisions of subdivision 6 of section 690 of the Code of Civil Procedure. In that subdivision it is provided that the following property shall be exempt from execution: 'Two horses, two oxen or two mules, and their harness, and one cart or wagon, one dray or truck, one coupe, one hack or carriage for one or two horses, by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster or other laborer habitually earns his living. . . . ' Clearly it appears to us that a motor driven vehicle is not a cart, wagon, dray, truck, coupe, hack or carriage as those terms are used in the section. The section plainly says that such exempt vehicles are vehicles which may be drawn by 'one or two horses.' If the legislature intended that a motor vehicle should be exempt from attachment, we think that it would have so declared in plain terms. For courts to add to the statute any article not enumerated would in effect be judicial legislation." The same question was raised in *In re Wilder*, 221 Fed. 476. There the bankrupt claimed as exempt under section 690 of the Code of Civil Procedure a taxicab automobile. The court says: "This taxicab does not fall within the literal terms of the section, and while these provisions are to be construed liberally, yet the court is not warranted in creating by interpretation new exemptions. The legislature of this state has been in session several times since taxicabs have been in very general use, and might well have included them in the exempt list. As the legislature has not done so, I do not feel warranted in doing so by an interpretation of the language of the section which at the best would be a forced one."

While the statute should be liberally construed, it has been held that construction should not be indulged in to the extent of conferring privileges and benefits by construction which were not intended to be conferred by the legislature, or to the extent of doing violence to the terms

of the statute. ■ So where a specified article of personal property is made exempt, the courts are not authorized to extend the exemption by construction to any other or different article (*Kennedy* v. *Hills,* 233 Fed. 666). As the automobile is an invention which was not in use when the statute was passed, it of course was not mentioned therein and was not within the intent of the legislature, and as the legislature has been in session many times since the automobile came into common use and has not seen fit to include it in the statute as exempt from attachment or execution when used by a physician in the practice of his profession, we must hold that it does not come within the provisions of the statute and is therefore not exempt.

Appellant, in support of his contention, cites us to *Spangler* v. *Corliss,* 61 Utah, 88 [28 A. L. R. 72, 211 Pac. 692], *Lames* v. *Armstrong,* 162 Iowa, 327 [Ann. Cas. 1916B, 511, 49 L. R. A. (N. S.) 691, 144 N. W. 1] , *Roberts* v. *Parker,* 117 Iowa, 389 [94 Am. St. Rep. 316, 57 L. R. A. 764, 90 N. W. 744] , *Patten* v. *Sturgeon,* 214 Fed. 65, *Webb* v. *Brandon,* 4 Heisk. (Tenn.), 285, and *Favers* v. *Glass,* 22 Ala. 621 [58 Am. Dec. 272].

The Utah case is the only one among the cases cited which is in conflict with the conclusion reached here. We agree with the Utah court that ''an automobile is as essential to a physician now as a horse and buggy were in the past,'' but we cannot avoid the conclusion that the duty of substituting the term ''automobile'' for ''one horse with vehicle and harness'' rests with the legislature and not with the court, and for the court under the guise of interpretation to make the change would be a usurpation of the power of the legislature. In the Iowa cases, in which it was held that automobiles were exempt, it is sufficient to say that the statute there construed contained the general term ''or other vehicle'' which is quite different from the California law. In *Patten* v. *Sturgeon,* the federal court in construing an Oklahoma statute merely held that an automobile is a carriage within the meaning of the statute, while the Tennessee and Alabama cases hold that a wagon with four wheels was exempt under the terms of the statute exempting ''one ox cart,'' although lexicographers ordinarily define a ''cart'' as a two-wheeled vehicle.

In our opinion the ruling on the demurrer was correct and the judgment entered proper. The judgment appealed from is therefore affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 3, 1927.