TURRENTINE, J.
—Based on a judgment for necessaries, to wit, house rent, which remained unsatisfied, defendants were cited into court for examination respecting property which they owned and which was subject to execution by court order for the payment of the judgment, and which was not exempt from execution. At the hearing it was established that the defendant Lawrence Hoskins was employed under a Works Progress Administration project at the Eleventh Naval District in San Diego, doing clerical work, and that he received therefor a monthly salary of one hundred nine and no/100 dollars ($109); that at the time of the hearing there was due and unpaid to him on earned wages twenty-five and 80/100 dollars ($25.80). At the conclusion of the hearing plaintiff requested the court to make an order requiring defendant to return to court at a later date and bring with him and pay to plaintiff one-half (%) of of his then earned wages. The trial court refused to make such order and discharged defendant in the supplemental proceedings. Plaintiff prosecutes this appeal.
“Exemptions are the creatures of statutes and exceptions to the general rule. No property is exempt unless made so by express provision of law. No assumed legislative policy can justify the courts in adding to the statutory list of exemptions. Legislators are presumed to understand the force and effect of the language which is used and to have contemplated all circumstances which would make it desirable *Supp. 781 that other property not in the lists of exemptions should he added thereto.” (Estate of Brown, 123 Cal. 399, on 401 [55 Pac. 1055, 69 Am. St. Rep. 74].)
“The court may not make additions to the statutory list of exemptions. Consequently, if the defendant’s property is of a class which is so specifically described or limited, his claim of exemption may not include more than the declared limitation.” (Security-First Nat. Bank v. Pierson, 2 Cal. (2d) 63, on 65 [38 Pac. (2d) 784].)
The above quotations are from cases considering and construing Code of Civil Procedure section 690 and its numerous subdivisions.
It seems to be conceded that the money in question earned by the defendant constitutes wages, and of this we think there can be no doubt. It is also true that the judgment herein is based on a debt for necessaries. Consequently one-half (%) thereof is by statute exempt from execution. (Code Civ. Proc., sec. 690.11.)
Defendant attempts to justify the decision of the lower court holding the entire wages exempt on the following provision of law:
“All money received by any person, a resident of the State, as a pension, or retirement or disability or death or other benefit, from the United States Government, or from the State, or any county, city, or city and county, or other political subdivision of the state, or any public trust, or public corporation, or from the governing body of any of them, or from any public board or boards, whether the same shall be in the actual possession of such pensioner or beneficiary, or deposited, loaned or invested by him, is exempt •from execution or attachment.” (Sec. 690.22, Code Civ. Proc.)
We do not think that the money earned by defendant comes within this law, for to do so would require us to hold that the money earned was to be received “as a pension or retirement or disability, or death, or other benefit”, and to classify defendant as a “pensioner or beneficiary”.
It follows that one-half (%) of the wages due defendant are not exempt from execution in this case, and that the trial court should issue its process, order or power to compel payment thereof to plaintiff. Judgment reversed.
Griffin, J., and Haines, P. J., concurred.