290 P.2d 1086

**A. J. YOUNG, Plaintiff-Respondent,**

**v.**

**Melvin WRIGHT and Francis Wright, d/b/a Wright Brothers Lumber Co., and Claude W. Chappell, Sheriff of Boundary County, Idaho, Defendants-Appellants.**

**No. 8304.**

Supreme Court of Idaho.

Dec. 8, 1955.

McNaughton & Sanderson, Coeur d'Alene, for appellants Wright.

Watt E. Prather, Bonners Ferry, for Sheriff Claude W. Chappell.

Hawkins & Miller, Coeur d'Alene, for respondent.

SMITH, Justice.

Respondent brought this action to recover damages from appellants on account of appellants' attachment, in a separate action, and resultant detention for a time, of respondent's 1948 Mac L.S.F.W. truck, admitted to be a motor vehicle, i. e., a motor driven truck. Respondent alleges that the reasonable werth of the truck is $7,000 and that he earns approximately $75 a day, four days a week, from use of the truck.

Appellants filed general demurrers to respondent's complaint. The trial court overruled the demurrers, whereupon appellants refused to plead further. The trial court thereupon made findings of fact and conclusions of law, and entered judgment in favor of respondent against appellants from which appellants perfected this appeal.

Appellants by their assignments of error present the question:—whether the motor driven truck was exempt from attachment and execution under the provisions of I.C. § 11–205, subd. 6, which exempts property from execution, as follows:

"Two (2) oxen, two (2) horses, or two (2) mules and their harness; and one (1) cart, wagon, dray or truck, by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster or other laborer habitually earns a living; and one horse with vehicles and harness or other equipments used by a physician, surgeon or minister of the gospel in making his professional visits, with food for such oxen, horses or mules for six (6) months."

246

In concise terms, the legislature thereby exempted two draft animals, their harness, *and* one vehicle, with food for the animals for six months. Noteworthy however, the legislature did not exempt any vehicular fuel or value equivalent.

The language of such exemption statute has remained unchanged in all the particulars under consideration here, since its enactment during the year 1881 as C.C.P. 1881, sec. 440, subd. 6, at a time prior to the advent of motor vehicles.

Respondent points to the motor vehicle codes of this state which show that the legislature since and including the year 1913 has recognized the motor truck; that therefore "truck" as used in I.C., sec. 11–205, subd. 6, should be construed to include the motor truck.

Motor vehicles were first recognized by the legislature during the year 1913. The legislature then defined motor vehicles, with certain exceptions, as including all vehicles propelled by any power *other than muscular power*. Idaho Sess.Laws 1913, c. 179, sec. 13; C.S. sec. 1589. Subsequent legislation retained the same definition of motor vehicles, with exceptions, used upon public highways, I.C. § 49–201.

■ A motor driven truck is not a "truck" which the legislature refers to, to be propelled by *the muscular power* of any of the draft animals mentioned in such exemption statute. The legislature has not yet declared a motor vehicle as is involved in this action to be exempt from attachment or execution; nor any motor vehicle to be so exempt except as its value shall not exceed $200. I.C. § 11–205, subds. 3 and 4.

■ "For the courts to add to the statute any articles not enumerated would in effect be judicial legislation." Crown Laundry & Cleaning Co. v. Cameron, 39 Cal.App. 617, 179 P. 525. The rule is stated in Conlin v. Traeger, 84 Cal.App. 730, 258 P. 433, 434:

"While the statute should be liberally construed, it has been held that construction should not be indulged in to the extent of conferring privileges and benefits by construction which were not intended to be conferred by the Legislature, or to the extent of doing violence to the terms of the statute."

In re Todd's Estate, 243 Iowa 930, 54 N.W. 2d 521; In re Brown's Estate, 123 Cal. 399, 55 P. 1055; In re Wilder, D.C.Cal., 221 F. 476; Kelley v. Butler, 182 Wash. 310, 47 P.2d 664; Hammond v. Hoskins, 30 Cal. App.2d Supp. 779, 79 P.2d 1116; Southern Pac. Milling Co. v. Milligan, Cal.App., 96 P.2d 1010.

■ Statutory enactments should be read and construed in the light of conditions of affairs and circumstances existing at the time of their adoption. State v. Fite, 29 Idaho 463, 159 P. 1183.

The judgment of the trial court is reversed with instructions to sustain appel-

lants' demurrers directed against respondent's complaint, and to dismiss the action.

Costs to appellants.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.