DAVID R. THOMPSON, Circuit Judge:
OVERVIEW
William H. Broach, the trustee in bankruptcy (“trustee”) for the estate of Robert John Arrol (“Arrol”), appeals the district court’s order affirming the bankruptcy court’s decision that Arrol is entitled to apply California’s statutory $75,000 homestead exemption to his residence located in Michigan. The trustee contends that the bankruptcy and district courts erred in interpreting 11 U.S.C. § 522(b)(2)(A) as requiring the application of California’s homestead exemption laws without first invoking California’s conflict of laws principles, and that California’s *935 homestead exemption should not be given extraterritorial effect.
We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
BACKGROUND
The facts are undisputed. Arrol bought a home in Michigan in 1982. Without selling the home, he moved to California in October 1994. He moved back to his Michigan home in November 1996 and has continued to reside there ever since.
On January 9,1997, Arrol filed a voluntary Chapter 7[1] bankruptcy petition in the Northern District of California. The parties do not contest that this was the proper venue because Arrol had resided in the Northern District of California for the longer portion of the 180 days that preceded the filing of his petition. See 28 U.S.C. § 1408(1).
In his bankruptcy schedules, Arrol valued his Michigan home at $75,000 and stated that he owned the home free of any secured claims. Arrol claimed a $75,000 exemption for his Michigan home under California’s statutory homestead exemption. See Cal. Civ. Pro.Code § 704.730(a)(2) (West Supp. 1999). The trustee objected to Arrol’s claim of a California homestead exemption, arguing that, under the Bankruptcy Code and California conflict of laws principles, Arrol could claim only the $3,500 homestead exemption provided under Michigan law, and that in any event California’s homestead exemption statute should not be applied to a dwelling outside of California.
In an order overruling the trustee’s objection, the bankruptcy court held that Arrol was entitled to California’s $75,000 statutory homestead exemption, and that he could apply that exemption to his Michigan residence. The district court affirmed the bankruptcy court’s order, and this appeal followed.
STANDARD OF REVIEW
We review the bankruptcy court’s decision independently from the district court’s decision. See In re Lewis, 113 F.3d 1040, 1043 (9th Cir.1997).
DISCUSSION
We first consider whether we must apply California’s conflict of laws principles to determine whether Arrol is entitled to California’s $75,000 homestead exemption.
Both parties agree that the starting point for our analysis is 11 U.S.C. § 522(b)(2)(A) of the Bankruptcy Code. That section provides a debtor may claim as exempt
any property that is exempt under ... State or local law that is applicable on the date of the filing of the petition at the place in which the debtor’s domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place....
11 U.S.C. § 522(b)(2)(A) (1993).
The trustee argues that the applicable state law described in this section invokes California substantive law generally, thereby requiring us to look to California’s conflict of laws principles to determine whether to apply California’s or Michigan’s homestead exemption law. We disagree.
The plain language of section 522(b)(2)(A) points us to the state’s exemption laws, not to its conflict of laws rules. The pertinent language of the section refers to “property that is exempt under ... [the] State or local law that is applicable_” The state law applicable in this case is California law because that is where Arrol was domiciled for the longer portion of 180 days before he filed his bankruptcy petition. Thus, according to the plain language of the statute, California’s homestead exemption law applies.
This interpretation is consistent with the legislative scheme by which section 522(b) provides exemptions for debtors filing for bankruptcy. See In re Ondras, 846 F.2d 33, 35 (7th Cir.1988). Section 522(b) provides for exemptions under federal or state law. The federal exemptions listed in section *936 522(d) are available to a debtor in bankruptcy if the state where the bankruptcy petition has been properly filed has not “opted out” of the federal exemption scheme; otherwise, the debtor is entitled to claim the exemptions provided by the law of the state where the petition was filed. See 11 U.S.C. § 522(b)(1) and § 522(b)(2)(A).
Arrol’s petition was properly filed in California, a state that has opted out of the federal exemptions. See Cal. Civ. Pro.Code § 704.730 (West 1987). Therefore, Arrol is entitled to claim California’s exemptions. This is so because federal bankruptcy law has prescribed the applicable exemptions—in this case, the exemptions provided by California law. This is a federal choice of law in which the choice has been made. That choice is the applicable state exemption law, and in this case the exemption law is California’s statutory homestead exemption. Whatever California’s conflicts of law jurisprudence may be is simply irrelevant. See In re Calhoun, 47 B.R. 119, 122 (Bankr.E.D.Va.1985) (holding that section 522(b) established a federal choice of law provision in the matter of exemptions and applying the exemption law of the state where the debtor properly filed the petition), and In re Stockburger, 192 B.R. 908, 910 (E.D.Tenn.1996) (“Section 522(b) requires a bankruptcy court to apply the exemptions of the debtor’s domicile.”), aff'd, 106 F.3d 402 (6th Cir.1997) (unpublished table disposition).
The question we next consider is whether California law permits a debtor to claim a homestead on a residence that is located outside of California.
It has been said the general rule is that state homestead laws have no extraterritorial force and are only available to residents of the state. See 40 Am.Jur.2d Homestead § 14 (1968); In re Peters, 91 B.R. 401, 403 (Bankr.W.D.Tex.1988). However, unlike the applicable Texas law cited in In re Peters, which explicitly limited homesteads to dwellings located within the state of Texas, 91 B.R. at 404, the California exemption statute does not limit the homestead exemption to dwellings within California:
“Homestead” means the principal dwelling (1) in which the judgment debtor or the judgment debtor’s spouse resided on the date the judgment creditor’s lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor’s spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.
Cal. Civ. Pro.Code § 704.710(c) (West 1987).
The trustee argues the California exemption should not apply to Arrol’s home in Michigan because the legislative history of California’s homestead law suggests that its purpose is to establish a sound and prosperous California community. We understand the trustee’s argument, but we reject it because we do not read the cases the trustee cites, San Diego County Carpenters Group Ins. v. Lorea, 112 Cal.App.3d 221, 169 Cal.Rptr. 157 (1980), and In re Mayer, 156 B.R. 54 (Bankr.S.D.Cal.1993), aff'd in part, vacated and remanded in part, 167 B.R. 186 (9th Cir. BAP 1994), as espousing a legislative history that is inconsistent with the bankruptcy court’s interpretation of the broad language of California Code of Civil Procedure § 704.710(c). To the contrary, California case law is consistent with that interpretation.
In Strangman v. Duke, 140 Cal.App.2d 185, 295 P.2d 12 (1956), the California court of appeals articulated the legislative goal of “providing] a place for the family and its surviving members, where they may reside and enjoy the comforts of a home, freed from any anxiety that it may be taken from them against their will-” Id. at 190, 295 P.2d 12 (internal quotations and citations omitted). This goal exists independently from state boundary lines.
Although the facts of this case may be somewhat unique, the logic of applying the California homestead exemption to Arrol’s Michigan dwelling is illustrated by the way in which California’s automobile exemption is applied. As the bankruptcy court noted in its application of California Civil Procedure Code § 704.010 (West Supp.1997), a bankruptcy debtor in California may claim as exempt $1,900 of equity in an automobile that is physically outside of California on the date the bankruptcy petition is filed. Although an *937 automobile, imlike a home, is movable, the automobile exemption nonetheless reflects a concern for preserving a need for basic transportation. Similarly, the homestead exemption reflects a concern for preserving a need for basic housing. Both exemptions address concerns that transcend state boundaries.
Finally, we are mindful of the strong policy underlying both California law and federal bankruptcy law to interpret exemption statutes liberally in favor of the debtor. See, e.g., In re Glass, 164 B.R. 759, 764 (9th Cir. BAP 1994), aff'd, 60 F.3d 565 (9th Cir.1995). We find nothing in the California exemption statutory scheme, its legislative history, or its interpretation in California case law' to limit the application of the homestead exemption to dwellings within California.
We conclude Arrol.is entitled to California’s $75,000 statutory homestead exemption on his Michigan residence.
AFFIRMED.

. Unless otherwise indicated, all references to "chapter” or "section” are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330.